HARBARD SENICHKA

*v.*

HERVEY LOWE.

1. TAXES — *of the notice and certificate of publication.* A certificate of the publisher printed at the conclusion of the list of delinquent lands, and as a continuation of the same advertisement, without any separate certificate made since the publication, is insufficient to give the court jurisdiction to render judgment against lands for taxes.

2. JURISDICTION — *effect of finding as to due publication.* The finding of a court in favor of its jurisdiction is not conclusive, especially when the record discloses the evidence of jurisdiction upon which the court acted.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was an action of ejectment, by the appellant against the appellee, for the recovery of two lots in the city of Joliet, in Will county. The cause was tried by the court without a jury. The plaintiff claimed title under a sale of the lots in 1866 for the taxes of 1865. The court found for the defendant.

Mr. THOMAS H. HUTCHINS, for the appellant.

Mr. GEORGE S. HOUSE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The only evidence of the publication of the notice by the collector that he would apply for judgment for the delinquent taxes against the property in controversy, is what purports to be the certificate of the publisher of the paper, printed at the conclusion of the list of delinquent property, and as a continuation of the same advertisement. This appears only in the same number of the paper containing the advertisement, and there is no certificate made by the publisher since that publication was made. This was clearly insufficient to give the court jurisdiction in the case.

In *Fortman et al.* v. *Ruggles et al.* 58 Ill. 207, in speaking of the question of notice in a like case, it was said: "Such a notice is required by the statute, and it is indispensable to confer jurisdiction in this proceeding, unless an appearance is entered. It is statutory and summary in its character, and the requirements of the law must be strictly pursued. The notice takes the place of process, and it is only by its publication, as required by the statute, that the court obtains jurisdiction to hear and adjudicate upon the case."

In *Fox* v. *Turtle*, 55 Ill. 378, the certificate of publication was signed "John Wentworth, publisher, by Reed," and it was held insufficient to sustain the judgment upon delinquent taxes.

It is contended, however, in the present case, appellee is concluded on this question, by the finding of the county court as recited in the judgment. If this be true, it is difficult to say why the appellant was not also concluded by a like finding in the case just referred to, for the judgment there pursued the statutory form prescribed by the 35th section of the act of February 12, 1853 (Gross' Stats. 1869, p. 605), reciting that due notice had been given.

But the statute required that the collector should obtain a copy of the advertisement of the delinquent lands and lots, together with a certificate of the due publication thereof from the printer or publisher of the newspaper in which the same was published, and file the same with the county clerk on or before the first day of the term at which judgment was prayed. Gross' Stats. 1869, p. 608, § 188. The advertisement and certificate in evidence are the only advertisement and certificate relating to this judgment and sale, filed by the collector in the office of the county clerk; and it is proven by the evidence of the county clerk that it is the same which was inspected by the court, and the evidence upon which the court acted in entering judgment. It has never been held, where the record itself showed that the evidence of jurisdiction upon which the court acted was insufficient, that its finding, in favor of its jurisdiction, was conclusive. In *Goudy et al.* v. *Hall*, 30 Ill. 116, it was expressly said that the finding in such case was not obligatory. The chief justice, in delivering the opinion, observed: " Take the case where the law requires six weeks' notice, and the record itself shows but three weeks' notice was given; or where a process has been returned not served, and the court should find that the requisite notice was given, or that the process was duly served; it would be absurd to say that such finding was conclusive, when the very record would show that this finding was void for want of jurisdiction to find any thing whatever in the case." Other and more recent decisions recognize the same doctrine.

The evidence being clear and full to the point that the pretended certificate of publication before us is the one upon which the court acted in rendering judgment; and it being equally clear that it was not made after the pretended publication, it was insufficient evidence of the facts recited in it. It would be just as reasonable to receive in evidence the deposition of a witness taken about a matter in litigation before the facts deposed to had occurred, as to receive a certificate of this kind as a compliance with the law.

The objection urged, that appellee should not have been allowed to make defense until he showed a payment or tender of the taxes, etc., for which the property had been sold, is fully met by *Reed et al.* v. *Tyler et al.* 56 Ill. 288, where it was held that the law requiring that this should be done is unconstitutional.

The judgment is affirmed.

*Judgment affirmed.*