Oscar S. Bass

*v.*

The People *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa January 20, 1896.*

1. Taxes—*publication of delinquent list—certificate—venue.* The certificate of publication of the delinquent tax list is sufficient, on application for judgment, where it literally follows the statute ; and no venue need be attached either to such certificate or to the accompanying oath.

2. Same—*certificate of corporation—what sufficient.* A certificate of the publication of a delinquent tax list signed "Frank S. Weighley, president of *The Mail*," in which it is recited that *The Mail* is a corporation publishing a newspaper known as *The Chicago Mail*, conforms to the statute, and is sufficient.

3. APPEALS AND ERRORS—*presumption that court heard evidence of publication.* It will be presumed, on appeal, in the absence of a bill of exceptions, that upon application for judgment for taxes the court below heard evidence to establish the proper publication of the delinquent list, even though the printer's certificate in the record does not conform to the statute.

WRIT OF ERROR to the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

WILLIAM J. DONLIN, and GILBERT G. OGDEN, for plaintiff in error.

H. R. PEBBLES, and J. D. ADAIR, for defendant in error.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

This was an application by the county collector of Cook county for judgment against delinquent lands for taxes and special assessments.

It is claimed by the plaintiff in error that the notice of the application for judgment published by the collector was insufficient, and hence the county court had no jurisdiction to render judgment. Section 182, chapter 120, of the Revenue law, provides: "At any time after the first day of April next after such delinquent taxes and special assessments on lands and lots shall become due, the collector shall publish an advertisement, giving notice of the intended application for judgment for sale of such delinquent lands and lots, in a newspaper published in his county. * * * Said advertisement shall be once published at least three weeks previous to the term of the county court at which judgment is prayed, and shall contain a list of the delinquent lands and lots upon which the taxes or special assessments remain due and unpaid, the names of owners, if known, the total amount due thereon, and the year or years for which the same are due. Said collector shall give notice that he will apply to the county court, at the........term thereof, for judgment, * * * and for an order to sell said lands and lots for the satis-

faction thereof; and shall also give notice that on the
........ Monday next succeeding the day fixed by law for
the commencement of such term of the said county court,
all the lands and lots for the sale of which an order shall
be made will be exposed to public sale,  *  *  *  and
the advertisement, published according to the provisions
of this section, shall be deemed to be sufficient notice of
the intended application for judgment and of the sale of
lands and lots under the order of said court." Section 186
provides: "The printer, publisher or financial officer or
agent of the newspaper publishing the list of delinquent
lands and lots, shall transmit  *  *  *  to the collector
four copies of the paper containing said list, to one of
which copies he shall attach his certificate, under oath,
of the due publication of the delinquent list for the time
required by law, (which copy shall be presented by the
collector to the county court at the time judgment is
prayed,) and said copy shall be filed as a part of the rec-
ords of said court."

The certificate of the publisher of the paper in which
was published the notice of application filed in the county
court as a compliance with the statute, was as follows:

"I, Frank S. Weighley, president of *The Mail*, a cor-
poration publishing a newspaper known as *The Chicago
Mail*, do hereby certify that the foregoing list of lands
and lots contained in the newspaper known as *The Chicago
Mail*, to which this certificate is attached, is a list of the
delinquent lands and lots upon which remain due and
unpaid the taxes levied and assessed for the year 1894,
together with the amount for which said lands and lots
had been previously forfeited to the State of Illinois,
(when any such forfeitures are noted,) and which re-
mained unpaid on the first day of November, 1894, and
also a list of the delinquent lands and lots upon which
remain due and unpaid special assessments and special
taxes levied and assessed by the foregoing corporate
authorities, viz.:  *  *  *  with notice hereto attached,

159—14

were published and advertised once in *The Chicago Mail*, a newspaper printed and published in the county of Cook and State of Illinois, and the whole of said advertisement was contained in one edition of said newspaper, said newspaper being a newspaper of general circulation throughout said county, and the date of the newspaper containing the same was the fourteenth (14th) day of June, A. D. 1895, and the said delinquent lists and notices have been published for the time required by law.

"In witness whereof I have hereunto set my hand this fifteenth (15th) day of June, A. D. 1895.

FRANK S. WEIGHLEY, *President of The Mail.*

"Subscribed and sworn to before me this 15th day of June, A. D. 1895.        A. L. WOODWARD,

[SEAL.]                        *Notary Public."*

The certificate is objected to because there is no venue to it, nor to the affidavit sworn to before A. L. Woodward, notary public. It is a sufficient answer to this objection that no provision of the statute requires a venue to the printer's certificate or the affidavit. Section 186 of the statute *supra*, requires four papers containing the published delinquent list to be transmitted to the collector, to one of which the printer, publisher or financial officer or agent of the paper containing the list shall attach his certificate, under oath, of the due publication, etc. The section contains nothing in regard to a venue either to the certificate or the oath, and in the absence of some provision of the statute requiring a venue we see no reason why one should be attached. The statute only requires a certificate under oath, and when that requirement was observed nothing more could be asked. If a venue had been attached to the certificate and the oath it would not have made either more obligatory, nor would it have added any force or vitality to the certificate. In a case of this character, where there has been a literal compliance with the language of the statute, nothing further is necessary.

It is next insisted that the mode of signing the certificate is insufficient. In the argument it is said: "The signature 'Frank S. Weighley, president of *The Mail*,' is not sufficient. The words 'president of *The Mail*' are merely *descriptio personæ*. Such signature does not make the certificate that of the corporation. An affidavit by one who inserts the words 'printer and publisher' or 'chief clerk' as words of description, without a direct averment that the affiant fills such position, is not sufficient." It is also said that there is nothing to show that Weighley was the printer, publisher or financial officer or agent of *The Mail*. As has been seen, the statute authorizes the printer, publisher or financial officer or agent of the newspaper publishing the tax list of delinquent lands to execute the certificate of publication. Here the certificate was executed by Frank S. Weighley, president of *The Mail*, and it is recited in the certificate that *The Mail* is a corporation publishing a newspaper known as *The Chicago Mail*. By the express language of the statute the publisher of the paper in which the list is published is authorized to execute the certificate. Here the publisher was a corporation known as *The Mail*, and it had the right to act through its chief officer—its president. In the absence of an act of the legislature or provision made by by-laws, as a general rule a corporation acts through its president. As he is the legal head of the body, an act pertaining to the business of the corporation, performed by him, will be presumed to be legally done and binding on the corporation. (*Smith* v. *Smith*, 62 Ill. 493.) We think the certificate signed by Frank S. Weighley, president of *The Mail*,—the paper in which the list was published,—conformed to the statute and was sufficient.

But if the certificate of publication did not conform to the strict requirement of the statute, if proper notice was given the court had jurisdiction to render judgment. The validity of the notice does not depend alone upon the certificate of the publisher of the paper. This is seen by

reference to the language of section 182, in these words: "The advertisement, published according to the provisions of *this section,* shall be deemed to be sufficient notice of the intended application." The section contains nothing in regard to the certificate. What evidence the county court heard in regard to the publication of notice does not appear. We will, however, presume, in the absence of a bill of exceptions in the record, that the evidence before the court was ample to establish the fact that notice was published as required by section 182 of the Revenue law.

The judgment of the county court will be affirmed.

*Judgment affirmed.*