EUGENE S. KIMBALL

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa March 28, 1896.*

1. TAXES—*sufficiency of proof of publishing notice.* On the question of the sufficiency of the certificate of publication of notice for application for judgment for taxes, this case is controlled by *Bass* v. *People ex rel.* 159 Ill. 207, and *Hertig* v. *People ex rel.* id. 237.

2. SAME—*sufficiency of proceedings for special assessment—collateral attack.* The sufficiency of the petition and proceedings for a special assessment cannot be collaterally attacked in an application by the county treasurer for judgment for the delinquent assessment.

APPEAL from the County Court of Cook county ; the Hon. O. N. CARTER, Judge, presiding.

RICH & STONE, for appellant.

J. D. ADAIR, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court :

This is an application by the county treasurer and *ex officio* collector of Cook county for judgment for a delinquent special assessment.

The first question presented is as to the sufficiency of the certificate of publication of notice for application for judgment. The first objection is, there is no venue to the certificate or affidavit made by Frank S. Weighley, "president of *The Mail;*" and second, the manner of signing the certificate (it appearing the newspaper is published by a corporation) is insufficient, as there is nothing showing the signer is the printer, publisher, financial officer or agent of said *Mail.* These questions were discussed and determined adversely to appellant's contention in *Bass* v. *People ex rel.* 159 Ill. 207, and *Hertig* v. *People ex rel.* id. 237.

The next objection urged to this judgment is based on the alleged fact that the original petition for making the assessment did not contain a copy of the ordinance or have the same attached thereto. This being a proceeding by the collector for judgment for special assessment taxes against appellant's property as delinquent, the sufficiency of the petition and proceedings for the special assessment cannot be collaterally attacked in this proceeding. (*Fisher* v. *People ex rel.* 157 Ill. 85, and authorities cited.) The question as to the sufficiency of the petition for special assessment is not a matter that can be inquired into in this proceeding except for fraud.

We find no error in the record, and the judgment is affirmed.

*Judgment affirmed.*