JEROME C. PENTZEL

*v.*

CHARLES A. SQUIRE.

*Filed at Ottawa May 12, 1896.*

1. PUBLICATION—*judicial sale of real estate—what is a "public newspaper."* The requirement of the statute (Rev. Stat. chap. 77, sec. 14,) that sales of real estate on execution shall be advertised in "a public newspaper," etc., is satisfied by publication in a law journal having a weekly circulation, among both laymen and lawyers, of 3875, which, in addition to decisions of courts and digests of cases, publishes general news of importance to the public.

2. SAME—*sufficiency of certificate of publication—who may certify for corporation.* A certificate of publication in a paper printed by a corporation, made by an agent of such corporation other than the president, with the corporate seal attached, is sufficient, where it is shown by the minutes of the board of directors that such agent was expressly authorized to make certificates of publication.

APPEAL from the Circuit Court of Cook county; the Hon. E. W. BURKE, Judge, presiding.

WALTER J. WATTS, for appellant.

CHARLES A. SQUIRE, and YOUNG, MAKEEL & BRADLEY, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a motion by appellant in the circuit court of Cook county to set aside a sheriff's sale of land, made under an execution issued upon a judgment rendered against appellant and in favor of appellee. The grounds upon which it is moved to set aside the sale are, that the *Chicago Law Journal Weekly* in which the notice of the sale was published, is not a public newspaper within the meaning of the statute, and that the certificate of the publication of the notice is not such a certificate of notice as the law requires. The court below, after hearing evidence in support of and against the motion, found the

facts against the appellant upon both of the grounds named in the motion, and refused to hold the law to be with the defendant, either as to the character of the journal in question or as to the sufficiency of the certificate of publication. The motion was thereupon denied, and an appeal was taken.

*First*—The first question is, whether the *Chicago Law Journal Weekly* is a public newspaper within the meaning of the statute.

Section 14, chapter 77, of the Revised Statutes of Illinois, provides: "No real estate shall be sold by virtue of any execution aforesaid, except at public vendue, between the hours of nine in the morning and the setting of the sun of the same day, nor unless the time (specifying the particular hour of said day at which said sale shall commence) and the place of holding such sale shall have been previously advertised three successive weeks, once in each week, in a public newspaper printed and published in the county where said sale shall be made."

Section 5, chapter 100, of the Revised Statutes of Illinois, enacts that "when any notice is required by law or contract to be published in a newspaper, (unless otherwise expressly provided in the contract,) it shall be intended to be in a secular newspaper of general circulation, published in the city, town or county, or some paper especially authorized by law to publish legal notices in the city, town or county."

The testimony of Fred L. Morrison hereinafter named was to the effect, that said *Chicago Law Journal Weekly* is a secular newspaper of general circulation, printed and published in the city of Chicago, county of Cook, State of Illinois; that said paper, copies of which are shown to the court, is a newspaper of sixteen pages of twelve and one-half inches in length and ten inches in width, and is published weekly, on Friday of each and every week, and circulates among lawyers and laymen; that besides the reports of decisions of courts of record, of courts

of review and of appellate jurisdiction and a digest of cases, it contains news of general nature, of current events and of general importance to the public; that the average weekly circulation of said *Chicago Law Journal Weekly* is 3875 copies.

Upon substantially the same evidence as the above, the several papers named in the following cases: *Kerr* v. *Hitt*, 75 Ill. 51, *Railton* v. *Lauder*, 126 id. 219, and *Maass* v. *Hess*, 140 id. 576; were held to be secular newspapers of general circulation within the meaning of said section 5 of chapter 100. Upon the authority of the cases referred to, the *Chicago Law Journal Weekly* must be regarded as a secular newspaper of general circulation within the meaning of that section. We think, also, that, being a secular newspaper of general circulation within the meaning of section 5, it cannot, in the light of the foregoing testimony, be regarded otherwise than as a public newspaper within the meaning of section 14 of chapter 77.

*Second*—The certificate of publication of the notice of the sale as introduced in evidence is as follows:

"*This is to Certify*, That the notice, a true copy of which is hereto annexed, was published in *The Chicago Law Journal Weekly*, a secular newspaper of general circulation, published weekly in the city of Chicago, Cook county and State of Illinois, by the Law Journal Print, a corporation existing under the laws of the State of Illinois, three times, for three weeks successively; that the date of the first publication was the 31st day of January, A. D. 1896, and the last publication was the 14th day of February, A. D. 1896.

"*In Testimony Whereof*, The Law Journal Print has caused this certificate to be signed by its authorized agent, and the corporate seal thereof to be affixed this 15th day of February, A. D. 1896.                LAW JOURNAL PRINT,

[SEAL.]                Fred L. Morrison, *Authorized Agent.*"

The statute respecting certification of legal notices provides: "That when any notice shall be required by law, or the order of court, or by any contract, to be published in any newspaper, and no other mode of proving

the same is provided, the certificate of the publisher, by himself or his authorized agent, with a written or printed copy of such notice annexed, stating the number of times which the same shall have been published, and the dates of the first and last papers containing the same, shall be sufficient evidence of the publication therein set forth." (2 Starr & Cur. Stat. p. 1674).

The objection is made to the notice, that the statute contemplates a certificate made by the publisher or his authorized agent, and that the only person, whom a corporation can duly authorize as its agent, is the person who keeps or is supposed to keep its corporate seal— the secretary of the corporation.

In *Maass* v. *Hess, supra,* it was said (p. 577): "There is no force in the objection that the paper is published by a corporation. Proof of publication may be made by the authorized agent of the publisher, as well as by the publisher. A corporation may certainly have an authorized agent as well as an individual or co-partnership." It was conceded, that the Law Journal Print was a corporation duly organized under the laws of Illinois. It was proven from the minutes of the board of directors of that corporation, that, on February 3, 1896, said board passed a resolution appointing Fred L. Morrison agent of said Law Journal Print, and authorized him to certify to all the certificates required to be made in the publications of the *Chicago Law Journal Weekly.*

As a general rule, in the absence of an act of the legislature or provision made by by-laws, a corporation acts through its president, he being the legal head of the body; and in *Bass* v. *People,* 159 Ill. 207, it was held, that a certificate of publication, signed by the president of a corporation publishing a newspaper, was sufficient. In that case, the act performed by the president was presumed to be legally done and binding on the corporation. But we see no reason why a corporation may not, by a resolution of its board of directors, designate a particu-

lar person to act as its authorized agent in the performance of a specified duty, such as certifying to notices of publication. (*Smith* v. *Smith,* 62 Ill. 493).

In *Smith* v. *Smith, supra,* it was held that a deed, signed by the vice-president of a corporation under the corporate seal, but not countersigned by the secretary, was well executed.

In *Hertig* v. *People,* 159 Ill. 237, the certificate was signed by the president of the publishing corporation without the corporate seal, and it was there said that it would have been an unnecessary act to seal the certificate with a corporate seal. In the present case, the corporate seal was attached to the certificate, and, as the authorized agent was authorized to sign the certificate, we cannot regard it as invalid because it was not countersigned by the secretary.

Cases are referred to, arising under a statute which provided for an affidavit of the publication of the notice by the printer or the foreman of the printer, and holding, that such an affidavit was insufficient when the affiant did not swear, that he was the printer or foreman, etc. (*Hill* v. *Hoover,* 5 Wis. 354; *Iverslie* v. *Spaulding,* 32 id. 394). Here, the certificate states on its face, that the publishing corporation has caused it to be signed by its authorized agent, and the corporate seal to be affixed. This statement in the body of the certificate, taken in connection with the signature of Fred L. Morrison as authorized agent, would seem to be sufficient under the doctrine of the cases referred to.

In *Hertig* v. *People, supra,* where the certificate was signed by the president of the corporation, it was said that the matters set forth in the certificate were certified to by an individual, and that "the corporation could certify to nothing."

The certificate here does not proceed as follows: "I, Fred L. Morrison, authorized agent of the Law Journal Print, a corporation publishing a newspaper known as

the *Chicago Law Journal Weekly*, do hereby certify," etc., after the manner of the certificates set forth in *Bass* v. *People*, *supra*, and *Hertig* v. *People*, *supra*. Yet, as it proceeds in general terms, "This is to certify," etc., and is signed in such a way, that it can be regarded as the certificate of the authorized agent as well as of the corporation, we do not regard it as sufficiently obnoxious to the views expressed in the *Hertig case* to justify us in holding it to be invalid.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*