A. B. McCHESNEY

*v.*

The People *ex rel.* Kochersperger, County Treasurer.

*Opinion filed June 18, 1898.*

1. Taxes—*prima facie defect in certificate of publication not cured by presumption.* A certificate of publication of a delinquent tax list which describes the list and the notices attached thereto, but which wholly fails to state what was published, is defective on its face, and cannot be cured by presumption.

2. Same—*certificate of publication must certify relation of affiant to newspaper.* Section 186 of the Revenue act, (Rev. Stat. 1874, p. 888,) providing for a sworn certificate of the publication of a delinquent

tax list, by the printer, publisher or financial officer or agent of the newspaper in which such list is published, requires that the affidavit show the relationship of the affiant to the newspaper.

3. Same—*recitals preceding words of certification are not under oath.* A recital in a certificate of publication of a delinquent tax list, describing the affiant as "the publisher" of the newspaper, is not a compliance with section 186 of the Revenue act, where such recital precedes the words of certification or verification.

4. Same—*filing with "county clerk" does not make paper part of county court records.* The offices of county clerk and clerk of the county court are distinct, though filled in this State by the same person, and the filing by such person of a newspaper advertisement of delinquent lands, certifying to the fact as "county clerk," is not a compliance with section 186 of the Revenue act, requiring such newspaper to be "filed as part of the records of the county court."

5. Appeals and Errors—*facts as shown by bill of exceptions control.* An order of court, entered before the hearing of an application for judgment of sale for taxes, which recites that due notice had been given according to law, is not conclusive on appeal, where the bill of exceptions shows that the certificate of publication, on which the court based its finding, was fatally defective.

6. Judgments and Decrees—*when judgment of sale for taxes is not in proper form.* An order which reads, "and thereupon it is ordered that judgment of sale be and is hereby entered against the property of said objectors in favor of the People of the State of Illinois, and it is further ordered that the property of said objector be sold as the law directs, to satisfy said judgment," is an order of sale, and not a compliance with section 191 of the Revenue act.

Appeal from the County Court of Cook county; the Hon. Orrin N. Carter, Judge, presiding.

F. W. Becker, for appellant.

Charles S. Thornton, Corporation Counsel, and John A. May, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

On application by the county collector of Cook county for judgment against delinquent lands and lots, appellant entered a special appearance for the purpose of questioning the jurisdiction of the court, and filed objections chal-

lenging the sufficiency of the notice by publication, the certificate of such publication, the filing of the delinquent list and the collector's report. The same objections were made as each item of evidence to sustain the jurisdiction was offered, and they were overruled, after which the court overruled the objections filed and entered judgment.

The certificate of publication admitted in evidence is in the words and figures following:

"State of Illinois, } ss.
    County of Cook. }

"I, William Penn Nixon, publisher of *The Inter-Ocean*, do hereby certify that the foregoing list of lands and lots contained in the newspaper known as *The Inter-Ocean*, to which this certificate is attached, is a list of all the delinquent lands and lots upon which remains due and unpaid the taxes levied and assessed for the year 1896, etc., and also a list of the delinquent lands and lots upon which remains due and unpaid special assessments and special taxes levied and assessed by the following corporate authorities, (describing them,) with notices hereto attached, were published and advertised once in *The Inter-Ocean*, a newspaper printed and published in the county of Cook and State of Illinois; and the whole of said advertisement was contained in one edition of said newspaper, being a newspaper of general circulation throughout said county, and the date of the newspaper containing the same was the 18th day of June, A. D. 1897, etc.

"In witness whereof I have hereunto set my hand this 18th day of June, 1897.               William Penn Nixon."

"State of Illinois, } ss.
    County of Cook. }

"Subscribed and affirmed to before me this 18th day of June, A. D. 1897.               Fred W. Uhl, *Notary Public.*"
    [Seal.]

This certificate is unintelligible. There is no subject of the verbs "were published and advertised." The person making the certificate states what the list is with notices thereto attached, but wholly fails to say what was published, and no presumption can be indulged in for the purpose of supplying the omission of the certificate. No other evidence of publication was offered.

The certificate is also defective in failing to certify to the relation of the person making it, to the newspaper. Section 186 of the Revenue act requires a certificate under oath by the printer, publisher or financial officer or agent of the newspaper publishing the list. Courts do not take judicial notice who are the publishers of newspapers, and no proof was offered, outside of the certificate, that William Penn Nixon was publisher of *The Inter-Ocean*. The statute means that the fact shall be sworn to, and the recital or description of the person making the certificate as publisher of *The Inter-Ocean* was no part of his declaration. Perjury could not be assigned upon the affidavit in that respect, as he does not certify to the fact. No presumption is to be indulged in, but the fact must affirmatively appear. (*Haywood* v. *Collins*, 60 Ill. 328.) In *Steinbach* v. *Leese*, 27 Cal. 295, an affidavit of publication required to be made by the printer, his foreman or principal clerk, describes the person making it as principal clerk in like manner with the description here, and the court said: "That affiant is one of the three is itself a substantive fact, and must be proved as such before the court in which the action is pending can proceed to render judgment against the parties to whom notice is intended to be given. In the affidavit now in question the affiant swears to nothing except to the matters set forth after the word 'deposes.' He names himself as principal clerk, but he does not swear that that was his position in fact." The certificate must be under oath and all the requisite facts must be certified to, and the certificate was insufficient. *Pentzel* v. *Squire*, 161 Ill. 346; *Hill* v. *Hoover*, 5 Wis. 354; *Iverslie* v. *Spaulding*, 32 id. 394; *Miller* v. *Chicago, Milwaukee and St. Paul Railroad Co.* 58 id. 310.

In an order made before the hearing, requiring parties interested to file objections by a time fixed, the court recited that due notice as required by law had been given of the application for judgment. The bill of exceptions, on the contrary, shows that all the evidence upon which

the court acted at the hearing and based its finding that notice had been given was this certificate, and the recital in the record in favor of its jurisdiction is not conclusive. (*Senichka* v. *Lowe,* 74 Ill. 274; *Hirth* v. *Lynch,* 96 id. 409; *Law* v. *Grommes,* 158 id. 492.) The truth will be taken to be as stated in the bill of exceptions, which must prevail. *Hirth* v. *Lynch, supra.*

Said section 186 of the Revenue act requires a copy of the newspaper, with the certificate under oath attached thereto, to be filed as a part of the records of the court. This direction for filing is mandatory, and an essential part of the necessary foundation for the judgment. It is essential to give the court jurisdiction. (*People* v. *Owners of Lands,* 82 Ill. 408; *People* v. *Dragstran,* 100 id. 286.) The copy offered in evidence and admitted against objection bore the file-mark, "Filed June 22, 1897.—Philip Knopf, County Clerk." The constitution provides in article 6, section 18, for the election of a clerk of the county court, and in article 10, section 8, for the election of a county clerk in connection with the county government, and the statute, in chapter 25, section 2, provides that the county clerks of the several counties shall be clerks of the county courts of their respective counties. The offices are separate and distinct, although by the statute they are filled by the same person. In the different offices he has charge of two different and separate sets of records pertaining to different jurisdictions. The records in the office of the county clerk are not records of the county court, and filing a paper in that office does not make it a part of the records of that court. The file-mark, as the certificate of the officer where the copy had been filed, was the legal evidence of the fact and the objection was a specific one. Attention having been called to the fact, if the paper had been actually deposited with Philip Knopf as clerk of the county court, to be filed as part of the records of that court, his certificate of filing might have been amended,

but this was not done.    The objection should have been sustained.

Here, again, the record recites that a certificate of publication was filed with the clerk of the county court, and the record contained a copy of the supposed certificate so filed.    The copy there appearing in the record is fatally defective.    There is an omission, so that it contains no notice of the intended application for judgment, but only notice of the public sale, with no certificate of a publisher at all.    It is not a certificate of publication, but if it were, the bill of exceptions, as already stated, prevails.

Section 191 of the Revenue act provides that the court shall give judgment for such taxes and special assessments as shall appear to be due, and it is to be a judgment against the tracts or lots of land for the sum annexed to each, and the court is to direct the clerk to make out and enter an order for the sale of such real property, substantially in the form given in that section. The judgment in this case is as follows: "And thereupon it is ordered that judgment of sale be and is hereby entered against the property of said objectors in favor of the People of the State of Illinois, and it is further ordered that the property of said objector be sold as the law directs, to satisfy the amount of said judgment." This is nothing more than an order of sale, which does not conform to the requirements of the statute.    It is not a judgment, as required by the law to be entered. *Gage* v. *People,* 163 Ill. 39; *McChesney* v. *People,* 171 id. 267.

The judgment of the county court is reversed and the cause is remanded.                    *Reversed and remanded.*