WHITE & GLEASON

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 20, 1900.*

1. SPECIAL ASSESSMENTS—*when finding in confirmation judgment as to posting notices is not conclusive.* In a direct proceeding to review a confirmation judgment a recital in the judgment that the requirements of the law as to posting notices have been complied with cannot prevail over affirmative proof in the record to the contrary.

2. SAME—*when affidavit of posting notices shows non-compliance with law.* An affidavit of posting notices shows non-compliance with the law requiring a notice to be posted in each of four different public places, where, from the written part thereof, it appears that three of the notices were affixed to "the tree N. E. corner of Oakenwald and Forty-fourth place."

3. SAME—*when description of bedding for curbing is sufficient.* An ordinance providing that each curb-stone shall be "firmly bedded" upon flat limestone blocks, to be one foot in length, eight inches in width and six inches in thickness, need not specify the number of such limestone blocks, since the description must be construed as requiring the base of each curb-stone, along the full length thereof, to be bedded upon the limestone blocks described.

Special concurrence by CARTER, J.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

F. W. BECKER, for plaintiff in error.

CHARLES M. WALKER, Corporation Counsel, and ARMAND F. TEEFY, for defendant in error.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

This writ of error brings in review the proceedings had in the county court of Cook county under an ordinance passed by the city council of the city of Chicago providing for the curbing, grading and paving of Forty-fourth place from Oakenwald avenue to the Illinois Cen-

tral railroad, in said city, the cost to be paid by special assessments on the property benefited.

We think it must be held that it affirmatively appeared from the record, notices of the time at which confirmation of the assessment roll would be asked were not posted "in four public places," as required by section 44 of the act of 1897, (Hurd's Stat. 1899, chap. 24, par. 550,) under which the ordinance was adopted. The petitioner presented and relied upon the affidavit of one S. J. McMahon to establish compliance with the statute in this respect. The language of the affidavit is, "he (affiant) posted notices as follows: By securely affixing the same, one *to the tree N. E. corner of Oakenwald and Forty-fourth place;* one *to the tree N. E. corner of Oakenwald and Forty-fourth place;* one *to the tree N. E. corner of Oakenwald and Forty-fourth place;* one *to the board against wall of I. C. R. R. right of way, foot of Forty-fourth place.*" The words italicized are in writing, the remainder in print. The only meaning we are able to extract from this statement is, three of the notices were posted on the tree which stood at the northeast corner of Oakenwald avenue and Forty-fourth place, —but one place,—while the statute requires that one notice should be posted in each of four different public places.

In making the affidavit, a blank form, printed for such purpose, was used. In this form, following blank spaces wherein the affiant had designated, in writing, the places where the notices were posted, appears the following in print: "Each of the said four places are in the neighborhood of said improvement and are public places in the city of Chicago, Illinois." This printed statement, it is urged, shows each of the four notices was posted in a different place. But if that were conceded to be so shown, there would but be a conflict between that which was printed and that which was written, and according to the familiar rule, that which appears in writing will control. *American Express Co.* v. *Pinckney,* 29 Ill. 392.

In the judgment of confirmation it is recited that it · appeared to the court that "all of the requirements of the law as to posting and sending notices to the owners of property assessed has been complied with, and that due notice as required by law had been given of the application, and of the making and return of the assessment, and of the time of the final hearing thereof." This is a direct—not a collateral—attack upon the judgment, and the mere recital in the judgment of compliance with the statute as to the posting of the notices cannot prevail as against the affirmative proof in the record to the contrary. (*Law* v. *Grommes*, 158 Ill. 492.) A material distinction to be drawn between the case cited and the case of *Bradley* v. *Drone*, 187 Ill. 175, is, that in the latter case the decree there involved was attacked collaterally.

The judgments must be reversed for the reason that compliance with the requirements of said section 44 in the matter of posting the notices in question was an indispensable prerequisite to the power of the court to enter the judgments. But it is proper other questions arising on the record and argued by counsel should be decided.

It is urged the description in the ordinance of the foundation upon which the curb-stones are to rest is so indefinite that the ordinance is void. The ordinance provides each curb-stone shall be four feet long, three feet high and five inches thick, shall have a straight base its whole length and shall be "firmly bedded" upon flat limestone blocks, said blocks to be one foot in length, eight inches in width and six inches in thickness. It is urged that the number of limestone blocks necessary to be used in order the said curb-stones may so be "firmly bedded" is not given. Our construction of the ordinance is, that it requires that the base of each curb-stone, along the full length thereof, shall rest and be bedded on limestone blocks of the dimensions specified. Supporting the curb-stone on such limestone blocks placed at the

ends, only, of the curb-stone, or at the ends and center only, or otherwise in such manner as that all parts of the base of each curb-stone would not be bedded on such limestone blocks, would not answer the requirements of the ordinance. It was not necessary the number of limestone blocks to be used should be given. The dimensions of the limestone blocks and the length of the curbing being known, the number of blocks to be used was but a matter of arithmetical calculation.

We need not determine the contention, which is here presented by counsel much as a contested point of fact, that the certificate to the copy of the ordinance attached to the petition does not bear the imprint of the corporate seal, for the reason that if an inspection of the original certificate discloses that the imprint of the seal does not appear on the certificate the omission may be rectified by amendment.

In *Givins* v. *City of Chicago,* (*ante,* p. 348,) the contention that the act of June 14, 1897, under which the proceedings here in review were had, is unconstitutional and void because, as it is claimed, it contravenes section 9 of article 9 of the constitution of 1870, was presented and considered, and the conclusion reached that the statute is not so in conflict with the organic law of the State.

The judgments, and each of them, are reversed and the cause will be remanded. *Reversed and remanded.*

Mr. JUSTICE CARTER, concurring specially:

I concur in the conclusion, but do not agree that because the ordinance requires the curbing to be "firmly bedded" on limestone blocks, it follows, as a matter of legal construction of the ordinance, that all parts of the base of such curbing shall rest upon such limestone blocks. That is a matter of mechanical construction for the engineer or those in charge of the work, and with which, unless presented in a proper case as a question of fact, we have nothing to do. The ordinance was suffi-

ciently specific, and a stone-mason or civil engineer could determine how many stones of the dimensions prescribed by the ordinance would comply with the requirement of the ordinance that the curbing be "firmly bedded" on limestone blocks. The question may not appear to be important, but it occurs to me that to determine, as questions of law, such minor details of mechanical construction is not only erroneous, but calculated to embarrass, unnecessarily, those who are required by law or contract to construct public improvements, and to lead to vexatious litigation.