HENRY TIFFT

*v.*

EMILY E. GREENE.

*Opinion filed October 24, 1904.*

1. TAX DEEDS—*tax deed is prima facie evidence of validity of process.* A tax deed is *prima facie* evidence of the sufficiency and validity of the process upon which the sale was made and that the sale was conducted in the manner required by law.

2. EVIDENCE—*when records certified by "clerk of county court" are not admissible.* Copies of records and certificates of which the county clerk is the legal custodian are not admissible in evidence if certified by the "clerk of the county court," since the offices are distinct although held by the same person.

3. SAME—*what recital cannot be certified to by county clerk.* A recital in the tax judgment sale, redemption and forfeiture record, and in the certificates of sale, that the sale opened upon a certain day, is not a statement of fact authorized by statute to be made and certified to by the county clerk.

APPEAL from the Circuit Court of Cook county; the Hon. L. HONORE, Judge, presiding.

WILSON, MOORE & McILVAINE, for appellant.

CHARLES W. LAMBORN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of Cook county by the appellee, against the appellant, to remove as clouds upon her title to lot 61, in block 3, in Berwyn, Cook county, Illinois, five tax deeds held by the appellant thereon. An answer and replication were filed, the cause was referred to a master, and upon the coming in of his report the court granted the relief prayed for in the bill and entered a decree setting aside and canceling said tax deeds as clouds upon the title of appellee, and the appellant has brought the record to this court for review, by appeal.

It was averred in the bill, and the evidence shows, that the premises were improved and that appellee was in possession thereof as owner at the time the suit was commenced. It was also averred, and the court found, that the several tax sales upon which said deeds were based were made without any valid precepts, in this: that the several sales were based upon precepts made by the county clerk of Cook county at times different from the day advertised for said sales. The controlling question, therefore, in this case is, does the record show, as to each of said tax deeds, that the precept for the sale upon which the deed was based was made at a time different from the day advertised for sale?

The decree finds that deed No. 5441-K is based on a sale for delinquent taxes for the year 1896; that said sale was made September 9, 1897, in pursuance of a judgment rendered on the 14th day of July, 1897, by virtue of a precept made July 14, 1897; that deeds 5592-K, 5593-K, 5594-K and 5595-K were based on sales for delinquent special assessments due in 1896; that said sales were made November 15, 1897, in pursuance of a judgment rendered on the 14th day of July, 1897, by virtue of a precept made July 31, 1897, and that the sales were advertised to commence on August 9, 1897. The foregoing findings were based upon the recitals contained in a certified copy of the tax judgment sale, redemption and forfeiture record for the year 1897, and a certified copy of the certificates of sale issued to the appellant attached to the affidavits on file in the county clerk's office, filed by the appellant at the time said deeds were issued to him.

It appears that said copies of said record and certificates were certified to by the "clerk of the county court" instead of by the "county clerk" of Cook county, and for that reason it is contended they were not admissible in evidence. In this State it is held that the offices of clerk of the county court and county clerk, although held by the same person, are distinct offices. (*McChesney* v. *People,* 174 Ill. 46;

*Glos* v. *Woodard,* 202 id. 480.) The county clerk was the legal custodian (3 Starr & Cur. Stat.—2d ed.—chap. 120, sec. 202, p. 3481,) of the records and certificates, certified copies of which were offered in evidence, and said copies should have been certified by him, and not by the clerk of the county court. Objection was made to the introduction of said certified copies when they were offered before the master, and their admissibility was again called in question by the appellant by proper exceptions before the chancellor, and they were admitted in evidence by the master and considered by the chancellor over his objections. Being improperly certified they should not have been admitted in evidence, and as there is no other evidence in the record upon which to base the findings of the master or the decree of the chancellor, there is no evidence in the record to sustain the findings of fact upon which the decree is based.

It is also contended that, even though the copies of said record and certificates were held to be properly certified and admitted in evidence, they do not show that said sales were had upon precepts made upon a day other than the day advertised for said sales, respectively. The recital found in the tax judgment sale, redemption and forfeiture record, that "sale opened August 9, A. D. 1897," and that contained in the certificates of sale, "that by virtue of said process said collector did, on the 9th day of August, A. D. 1897, open the sale upon said process," are not statements of fact authorized by the statute to be made and certified to by the county clerk or clerk of the county court. The statute points out a method of preserving the evidence of the day upon which tax sales are advertised to take place, by requiring copies of the newspaper publishing the lists of delinquent lands and lots to be filed in the office of the clerk of the county court and for the preservation thereof as a part of the records of the court rendering judgment for sale, (*Mc-Chesney* v. *People, supra; Glos* v. *Woodard, supra;*) and we think it clear such record affords the best evidence of the

day upon which the sale is advertised to take place. A tax deed is *prima facie* evidence that the sale was conducted in the manner required by law, and affords presumptive proof, in the first instance, of the sufficiency and validity of the process upon which the sale was made, which is the basis of the tax deed, and the *prima facie* case made by the production of the tax deed must be overcome by proof.

As the record in this case, for the reasons suggested, fails to overcome the presumption that the tax deeds held by the appellant upon the premises in question are valid, the decree of the circuit court will be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*