J. A. NOWLIN *et al.*

*v.*

THE PEOPLE *ex rel.* E. R. Moffett, County Treasurer.

*Opinion filed June 23, 1905—Rehearing denied October 11, 1905.*

TAXES—*newspaper containing delinquent list must be filed with the clerk of the county court.* The newspaper containing the delinquent list must be filed with the clerk of the county court in order to give the county court jurisdiction of an application for judgment of sale, and it is not sufficient that it was filed with the county clerk.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. O. W. SMITH, Judge, presiding.

L. R. HERRICK, and LEFORGEE & VAIL, for plaintiffs in error.

W. E. REDMON, for defendant in error.

Per CURIAM: At the June term, 1904, of the county court of Macon county, in the matter of the application of the county treasurer and *ex officio* collector for judgment against certain lots and lands for alleged delinquent taxes, special assessments, interest, etc., judgment was entered against certain real estate belonging to the plaintiffs in error, and they have prosecuted this writ of error to reverse the same.

It appears from the record that the copy of the *Decatur Herald* in which the list of delinquent lots and lands had been published, with the certificate of the publisher of the paper, was filed with the county clerk of Macon county as a part of the records of his office. Section 186 of the Revenue act requires that the copy of the newspaper, with the certificate, under oath, attached thereto, "shall be filed as a part of the records of said (county) court." As explained in *McChesney v. People,* 174 Ill. 46, the county clerk has charge of the records and papers pertaining to matters relating to the government of the county. The records in the office of the county clerk are not the records of the county court. In the case cited we said the direction that the copy of the newspaper, and the certificate thereto, should be filed as a part of the records of the county court "is mandatory and an essential part of the necessary foundation for the judgment. It is essential to give the court jurisdiction." In *Glos v. Woodard,* 202 Ill. 480, we affirmed the ruling in *McChesney v. People, supra.* The application of this doctrine to the record in the case at bar is fatal to the judgments against the property of the plaintiffs in error, and therefore each of said judgments will be reversed and the causes will be remanded.

*Reversed and remanded.*