## Eugene Oulvey, Defendant in Error, v. Homer M. Little et al. Mary C. Burke, Plaintiff in Error.

1. APPEAL AND ERROR—*sufficiency of incomplete abstract to present errors.* Though an abstract, as to the greater part of the record, is practically only an index, where that part which raises the question of jurisdiction is sufficiently set out and that is the only proposition presented in the assignment of errors, it will be held sufficient.

2. APPEAL AND ERROR—*presumption on error as to trial court's finding in favor of jurisdiction.* Where a court finds it has jurisdiction and that a party has been regularly served with notice by publication it will be presumed, in a collateral proceeding, that the finding of the court is correct and that it has jurisdiction; but if the decree refers to the evidence on which it is based and an examination of said evidence discloses that it is not sufficient to give the court jurisdiction, the presumption that the court had jurisdiction is overcome.

3. PROCESS—*sufficiency of certificate of publication of nonresidence notice in foreclosure to confer jurisdiction.* Where the first publication of a nonresidence notice in a foreclosure suit was shown by the certificate of publication to have been on August 10 and the certificate recited that the paper in which it was published was a secular newspaper of general circulation for a period of more than six months "prior to and immediately preceding said September 10," the certificate was insufficient under Cahill's Ill. St. ch. 100, ¶ 10, in that it failed to show the paper was regularly published for at least six months prior to the first publication of the notice and when the decree of foreclosure shows that the finding with reference to notice to the defendant was based upon such certificate, it not appearing the court had before it any other evidence, the certificate of publication was insufficient to give the court jurisdiction.

4. PROCESS—*sufficiency of certificate of publication of nonresidence notice in foreclosure as to publisher of newspaper.* Where a certificate of publication of notice upon a nonresident defendant was signed "John B. Altrogge, Publisher of East St. Louis Mail-Review" but nowhere in the certificate was it certified that said Altrogge was the publisher, the certificate was insufficient to give the court jurisdiction of such nonresident defendant.

5. APPEAL AND ERROR—*presumptions as to regularity of proceedings on direct attack.* The same presumptions of regularity that obtain in a collateral proceeding do not obtain where the attack on the judgment is direct.

Error by defendant to the City Court of East St. Louis; the Hon. William C. Borders, Judge, presiding. Heard in this court at the March term, 1924. Reversed and remanded. Opinion filed July 7, 1924.

Whitnel, Whitnel & Browning, for plaintiff in error.

McGlynn & McGlynn, P. K. Johnson, Pope & Driemeyer and T. A. Gassaway, for defendant in error.

Mr. Justice Boggs delivered the opinion of the court.

Mary C. Burke prosecutes her writ of error, seeking a reversal of a judgment or decree entered in the City Court of East St. Louis, foreclosing a certain mortgage held by the defendant in error, Eugene Oulvey, upon premises upon which plaintiff in error also held a mortgage.

The decree of the Chancellor defaulted plaintiff in error, and gave the Oulvey mortgage a preference over the mortgage held by her, which finding and decree plaintiff in error insists is erroneous. The ground relied upon for a reversal of said decree is that the trial court was without jurisdiction, so far as the rights and interests of plaintiff in error are concerned, for the reason that no service, actual or constructive, was had as to her.

It is insisted by defendant in error that the abstract in this case is not sufficient to raise the question here sought to be raised. While the abstract, as to the greater part of the record, is practically only an index, still that part of the record which raises the question of the jurisdiction of the court as to plaintiff in error is sufficiently set out to present that phase of the case. As that is the only proposition presented in the assignment of errors, we are inclined to hold that the abstract is sufficient.

The record discloses that the summons issued in said cause was returned "Not Found" as to plaintiff in error. An affidavit was filed by the defendant in error, stating that plaintiff in error was a nonresident of the State of Illinois, and that she resided at No. 136 South Bunker Hill Avenue, Los Angeles, California.

The certificate of publication filed in said cause is as follows:

"This is to certify that the printed slip hereto attached, viz., Non-res. Notice. Bill of foreclosure was published in the East St. Louis Mail-Review, a secular newspaper of general circulation printed and published weekly, in the City of East St. Louis, St. Clair County, Illinois, for five successive weeks, the first insertion being made on the 10th day of August, A. D. 1923, and the last on the 7th day of September, A. D. 1923.

"And we further certify that the said East St. Louis Mail-Review has been regularly published weekly as a secular newspaper of general circulation for a period of more than six months prior to and immediately preceding said September 10, 1923.

John B. Altrogge,
Publisher of East St. Louis Mail-Review."

On the part of counsel for plaintiff in error, it is contended that this certificate is insufficient in that it fails to certify that John B. Altrogge is the publisher of the East St. Louis Mail-Review; and that it fails to state that the East St. Louis Mail-Review "has been regularly published for at least six months prior to the first publication of said notice," which is shown to have been on August 10, 1923.

Counsel for defendant in error, while practically conceding that the certificate of publication in the matters complained of is defective and not in compliance with the statute, contends that the court in its decree found that it had jurisdiction of plaintiff in error, and that said newspaper had been regularly

published for more than six months prior to August 10, 1923.

An examination of the decree in this connection discloses that its finding with reference to notice to plaintiff in error is based on the certificate above mentioned. Nowhere in the decree does it appear that the court had before it or heard any other evidence, oral or documentary, upon which to base its finding of jurisdiction, other than said certificate.

It is strenuously contended by counsel for defendant in error that it will be presumed that the court had before it other evidence on which to base its decree of jurisdiction. We think, however, that counsel's statement in this connection is too broad. The law as we understand it is that where a court finds it has jurisdiction and that a party has been regularly served with notice by publication, it will be presumed, in a collateral proceeding, that the finding of the court is correct and that it has jurisdiction. Where, however, the decree refers to the evidence on which it is based, and an examination of said evidence discloses that it is not sufficient to give the court jurisdiction, the presumption that the court had jurisdiction is overcome. *Reddick v. President, Directors and Company of the State Bank,* 27 Ill. 145; *Goudy et al. v. Hall,* 30 Ill. 109; *Haywood v. Collins,* 60 Ill. 328; *McChesney v. People,* 174 Ill. 46, 48; *Law v. Grommes,* 158 Ill. 492-497; *Illinois Cent. R. Co. v. People,* 189 Ill. 119-121; *Forrest v. Fey,* 218 Ill. 165-169; *People v. Coal Belt Electric Railway Co.,* 311 Ill. 29.

In *McChesney v. People, supra,* the court at page 49 says:

"The bill of exceptions, on the contrary, shows that all the evidence upon which the court acted at the hearing and based its finding that notice had been given was this certificate, and the recital in the record in favor of its jurisdiction is not conclusive. (*Senichka v. Lowe,* 74 Ill. 274; *Hirth v. Lynch,* 96 id. 409; *Law*

*v. Grommes,* 158 id. 492.) The truth will be taken to be as stated in the bill of exceptions, which must prevail.''

In this same case, the court in discussing the sufficiency of the certificate at page 49, says: ''The certificate is also defective in failing to certify the relation of the person making it, to the newspaper. * * * Courts do not take judicial notice who are the publishers of newspapers, and no proof was offered, outside the certificate, that William Penn Nixon was the publisher of the Inter-Ocean.''

It will be observed, on examination of the certificate hereinabove set forth, that John B. Altrogge does not certify that he is the publisher of the paper here in question.

In *People v. Coal Belt Electric Railway Co., supra,* the court at page 32 says:

''In 1909 the General Assembly passed an act which provided that when it is required by law that any legal notice shall be published in a newspaper, it shall be held to mean a newspaper which has been regularly published for at least six months prior to the first publication of the notice. (Cahill's Stat. chap. 100, par. 10.) The certificate here recites: 'I, D. C. Grear, publisher of the Herrin Journal, at Herrin, Williamson county, a regularly published newspaper within the meaning of the law, having been established more than six months, hereby certify that the attached copy of the said Herrin Journal contains a list of all lands and lots in Williamson County, Illinois, which were delinquent,' etc., and that the list was published in every copy of the paper May 14, 1923. It was held in the McChesney case a certificate of the purported publisher of the newspaper, substantially like the one in this case, failed to certify to the relation of the person making it to the newspaper.''

It was also held in the case of *People v. Coal Belt Electric Railway Co., supra,* that it was necessary that proof be made that the newspaper in which the notice was published had been regularly published for

six months prior to the date of the first notice published in said newspaper. The court in discussing this question at page 33, says:

"There is another reason why the proof of publication was defective. Section 1 of the act of 1909 on notices defines a newspaper to mean a newspaper which has been regularly published for at least six months prior to the publication of the notice. The recital of the certificate here describing the *Herrin Journal* as 'a regularly published newspaper within the meaning of the law, having been established more than six months,' is not a statement that it had been regularly published for at least six months prior to the first publication of the notice. What D. C. Grear certifies to is not that he is the publisher of the *Herrin Journal* and that it had been regularly published for six months prior to the publication of the notice. He only certified that the attached copy of the *Herrin Journal* contained a list of the lands and lots which were delinquent for the taxes payable in 1923 and that the notice was published in each copy of the issue of May 14, 1923. * * * The publication and proof of the notice are the process by which the court obtains jurisdiction. It was held in *City of Moline v. Chicago, Burlington and Quincy Railroad Co.,* 262 Ill. 52, that the statement required by section 1 of the act of 1909 on notices is jurisdictional. The proof of publication of the notice in this case did not meet the requirements of the law, and the court had no jurisdiction to render the judgment."

It would seem to follow, therefore, from an examination of the above mentioned authorities, that the purported certificate of publication, above set forth, was not sufficient to give the court jurisdiction of plaintiff in error, as it fails to certify that John B. Altrogge was the publisher of the East St. Louis Mail-Review, and also fails to certify that said paper had been regularly published for six months prior to August 10, 1923, the date of the first publication of said notice.

The majority of the cases cited and relied upon by defendant in error are cases where a collateral attack was being made on the judgment or decree of the court, but in this case the attack made by plaintiff in error is a direct one. She has sued out a writ of error, to reverse and set aside the judgment or decree rendered against her. The same presumptions of regularity that obtain in a collateral proceeding do not obtain where the attack on the judgment is a direct attack. *Law v. Grommes, supra,* 495; *White & Gleason v. City of Chicago,* 188 Ill. 392-394.

For the reasons above set forth, the judgment and decree of the trial court will be reversed and the cause will be remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*