(No. 22249.—)
REUBIN R. EISENBERG, Appellee, *vs.* AARON WABASH, Appellant.

*Opinion filed February 23, 1934.*

JONES, J., dissenting.

BERNARD J. BROWN, for appellant.

SHULMAN, SHULMAN & ABRAMS, (MEYER ABRAMS, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This in an appeal from the circuit court of Cook county. Reubin R. Eisenberg, the appellee, filed his bill of complaint asking for the partition of real estate located in

Cook county, alleging that the real estate was owned jointly by himself and Aaron Wabash, the appellant. Pursuant to an affidavit of non-residence filed in the circuit court, service upon the appellant was obtained by publishing a notice in a newspaper called the *Chicago Recorder,* and a decree for partition was entered by default against the appellant. He filed a petition to set aside the decree; alleging that the decree was invalid for want of jurisdiction, because the notice was not published in a secular newspaper of general circulation. An answer was filed denying the allegations of the petition. The case was heard on the petition and answer. The only question before this court is whether the trial court erred in holding that the *Chicago Recorder* was a secular newspaper of general circulation.

Gilbert Meites, called as a witness for the appellant, testified substantially as follows: He was in the newspaper business and was acquainted with that business in the city of Chicago; that he knew how newspapers in the city of Chicago were distributed to the public; that there were two methods—one by newsboys and news stand delivery and another by mail. Daily newspapers were delivered in the city of Chicago through newsboys and news stands; weekly publications and monthly publications were delivered by mail. Some weekly publications issued or circulated in the city of Chicago were carried and sold on news stands. Witness knew of his own knowledge whether the *Chicago Recorder* was being carried on any news stands in the city of Chicago; that it was not being sold by any newsboys outside of news stands in the city of Chicago. Witness testified that the *Chicago Recorder* was a weekly newspaper published every Friday, with eight pages of standard size, printed in English, and was distributed by mail. It was published by the Chicago Recorder Publishing Company. On cross-examination he testified that the *Chicago Recorder* was delivered to the Post-Office News

Company; that the Post-Office News Company had six stores in Chicago and was engaged in the distribution of all types of periodicals. It distributed the *Chicago Recorder* in addition to the publisher's mailing list; that the *Chicago Recorder* carried news of interest to everybody; that it carried a weekly review of national affairs; that it had a column representing the world over and of the happenings in Chicago that would be of interest to everybody. The *Chicago Recorder* was distributed by mail. It was adapted to everybody who reads the English language, and it had a circulation of over 4000. He also testified that the *Daily Law Bulletin* and the *National Corporation Reporter* are not sold on news stands. There were no other witnesses.

The principal contention of the appellant in urging that the *Chicago Recorder* is not a secular newspaper of general circulation, as required by section 5 of the Notices act, (Smith's Stat. 1933, p. 1940,) is, that it is circulated among its subscribers through the mail and is carried in the stores maintained by the Post-Office News Company for distribution of periodicals and is not distributed to the public through newsboys and from news stands, while some weekly publications are distributed from news stands. He submits "that a newspaper of general circulation must be construed to mean a newspaper which is largely distributed, transmitted or disseminated in a general way." We have no doubt that the *Chicago Recorder* is a secular newspaper of general circulation. A newspaper is of general circulation when it circulates among all classes and is not confined to a particular class or calling in the community. (*Polzin* v. *Rand, McNally & Co.* 250 Ill. 561.) The term "general circulation" is that of a general newspaper, only, as distinguished from one of a special or limited character. (Bouvier's Law Dict. (Library ed. 1928) p. 464.) In holding that the *Chicago Legal News* was a newspaper of general circulation we said in *Kerr* v. *Hitt,* 75 Ill. 51: "It

is that class of journal that will circulate among lawyers, real estate and other business men, for it contains information in regard to sales of real estate, whether under judicial process or under powers. Accordingly its advertising columns contain notices of sales under trust deeds, on execution, judicial sales under decrees of court, and all manner of notices of legal transactions, as well as a limited number of other advertisements usually found in a newspaper of general circulation." In *Pentzel* v. *Squire,* 161 Ill. 346, upon evidence similar to the evidence in this case, we held that the *Chicago Law Journal* was a secular newspaper of general circulation.

There is no requirement in the law that a newspaper, in order to be secular and of general circulation, must be distributed from news stands and by newsboys. All that is required is that it be secular in character, that it circulate among different classes of readers, and that it dispense information which is of interest to the general public. A rule that would require newspapers to be sold by newsboys or from news stands before it could be a newspaper of general circulation would automatically eliminate hundreds of weekly newspapers throughout this State from use as papers of publication. The fact that a newspaper is not sold at a news stand or by a newsboy does not mean that it is not read generally by subscribers who get it through the mails. The general circulation of a newspaper is not determined by the number of subscribers but by the diversity of its subscribers. *Burok* v. *Delson,* 229 N. W. (Iowa) 227, 68 A. L. R. 538.

We are of the opinion that the *Chicago Recorder* is a secular newspaper of general circulation. Accordingly, the decree of the lower court denying the relief prayed for in the petition is affirmed. *Decree affirmed.*

Mr. JUSTICE JONES, dissenting.