## WILLIAM S. JOHNSON *et al.*

### *v.*

## THE HUMBOLDT INSURANCE COMPANY.

INSURANCE—*limitation of suit on policy.* Where a policy of insurance provides that no action shall be brought thereon until an award is made fixing the amount of the claim, and no recovery had unless the suit or action shall be commenced within twelve months next after the loss shall occur, the suit to recover for a loss must be brought within twelve months after the destruction of the property by fire. If not brought within that time, no recovery can be had. It does not mean within twelve months after an award fixing the amount of the loss.

APPEAL from the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and the Hon. GEO. W. PLEASANTS and Hon. J M. BAILEY, Justices.

Mr. M. W. ROBINSON, for the appellants.

Mr. THOMAS C. WHITESIDE, and Mr. FRANK J. SMITH, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on a policy of insurance, brought by appellants against appellee. To the declaration appellee filed a plea of limitations, that the suit was not brought within twelve months from the time the loss occurred, according to the terms and conditions of the policy. To this plea appellants filed a demurrer, which was sustained by the Superior Court, in which the suit was pending, and a judgment was rendered against appellee. An appeal was prosecuted to the

Appellate Court of the First District, where the judgment was reversed, and plaintiffs in the Superior Court appeal, and ask a reversal.

It is stipulated that the policy contained this provision: "The amount of loss or damage to be estimated according to the actual cash value of the property at the time of the loss, and to be paid sixty days after due notice and proof of the same made by the assured, and received at this office, in accordance with the terms and conditions of this policy, unless the property be replaced, or the company have given notice of their intention to rebuild or repair the damaged premises." That there was annexed to the policy this condition: "It is furthermore hereby expressly provided and mutually agreed, that no suit or action against this company, for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery until after an award shall have been obtained fixing the amount of such claim, in the manner above provided, nor unless such suit or action shall be commenced within twelve months next after the loss shall occur; and should any suit or action be commenced against this company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim, any statute of limitation to the contrary notwithstanding."

The fire producing the loss occurred on the 14th of July, 1874, and proofs of loss were furnished by appellants, to which no objections were made by the agents of appellee, at its office, on the 21st of July, 1874. This action was commenced on the 13th of September, 1875, on the policy, to recover for the damages sustained by the fire. The action was not brought within twelve months after the loss occurred, but within twelve months from the expiration of sixty days after the loss.

When the judgment of the Superior Court was reversed by the Appellate Court, counsel for plaintiffs in the Superior Court stipulated that they could not amend so as to obviate

the effect of that decision, and that its decision was, in fact, final, and that court thereupon granted this appeal.

It is agreed that the only question presented by this record is, whether, under the above condition, the suit was brought in time. Appellants contend that the twelve months did not begin to run until the expiration of sixty days after the occurrence of the fire, whilst appellee contends that it began to run from the time of the fire. It all depends on the meaning of the language the parties have employed to express their intention when the contract was executed by them. As they expressed and must have understood it, we must carry it into effect.

All persons know that in giving force to laws and contracts of every description, the intention as therein expressed must govern. That intention must and can only be sought in the language employed in the instrument itself, and from the ordinary or popular meaning of the words themselves, unless it is apparent they are used in a technical or particular sense. According to these rules, we are wholly unable to perceive how the meaning of this language can be misunderstood, or that different persons could arrive at other than one conclusion by simply reading the clause. The words are plain, simple, and have a well understood and accepted meaning. There can be no equivocal or doubtful definition attached to them, either separately or in their grammatical arrangement. The language that a suit or action shall not be brought until after an award shall be obtained fixing the amount of the claim, in the manner therein provided, can only mean what it says: that such an award is an indispensable prerequisite to the bringing of a suit or action, unless the assured should be prevented by the company.

The next clause of the condition, "nor unless such suit or action shall be commenced within twelve months next after the loss shall occur," is equally clear and explicit. When did the loss occur? Manifestly at the time the fire destroyed the property. In what consisted the loss? Obviously in the

destruction of the building by fire.    We are wholly unable to conceive that language could have been used that could have rendered the meaning plainer.    Other words might have been employed to express the same meaning, but to our minds they could not have been clearer or freer from doubt.    This seems to us to be one of those propositions which are so plain that reasoning can not add anything to their perspicuity.

It is, however, urged, that the word "occur" is used in the sense of "accrue," and that this sense requires us to apply it to the suit or action.    The word "occur" means "to happen," in its general and most popular sense, whilst the word "accrue" is to be added or attached to something else, in its generally received sense; but if we were to substitute the word "accrue," then, in its grammatical connection, it would mean that the loss had attached to appellants, and that was when the fire destroyed the property, and would not change the obvious meaning from what it is as written.    It would not be construction to say, the condition means a suit or action might be commenced within twelve months after an action had accrued.    It would not only be to change the grammatical structure of the clause, but it would be to make a new and different contract for the parties.

It is, however, insisted, the clause in the policy that the loss was to be paid sixty days after due notice and proof of the same should be made by the assured, and received at the office of the company, limits and controls the after-inserted condition prohibiting the bringing of an action more than twelve months after the loss should occur.    We are unable to perceive that it controls this condition.    If either has that effect, it would seem the latter controls the former.    The two clauses considered together, obviously provide that the company shall have sixty days within which to make payment, after notice and proof of loss, but in no event should a suit or action be commenced after the expiration of twelve months from the date of the fire producing the loss.    Any other meaning attached to the language, it seems to us, would be strained,

unreasonable, and in direct violation of the plain intention of the parties, clearly expressed.

We are referred to authorities which are supposed, by appellants' counsel, to hold, similar language in other policies means that the assured may sue at any time within twelve months after the sixty days reserved by the company to make payment has expired. We have examined the authorities referred to, but think they fail to sustain his position; but even if they did, although by respectable courts, we should not feel bound by them as authority, and should hesitate long in reaching and adopting such a conclusion.

We are, therefore, of opinion the Appellate Court decided correctly in holding the plea presented a defence, and that the judgment must be affirmed.

*Judgment affirmed.*