WEST CHICAGO PARK COMRS. v. BYRON A. BALDWIN *et al.*

and

WEST CHICAGO PARK COMRS. v. EDWIN F. DUNNE.

*Filed at Ottawa June 13, 1896.*

MUNICIPAL CORPORATIONS—*act of June 14, 1895, construed as to the power of park boards to levy assessments.* The act of June 14, 1895, (Laws of 1895, p. 286,) authorizing park boards to make assessments "for the purpose of improving any boulevard, highway, driveway or street," confers no power on such boards to levy an assessment for sewers and water mains intended to supply sewer and water service to residents on a boulevard.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

H. S. MECARTNEY, for appellants:

The West Chicago Park Commissioners are a full-fledged municipal corporation, and have the same control and power over their boulevards and streets as the city of Chicago has over its streets. Sess. Laws of 1869, sec. 4, p. 344; *Park Comrs.* v. *Chicago,* 152 Ill. 392.

An ordinance which provides for the paving, etc., of a street, and also for the construction of a sewer in the same street, is not invalid as uniting two improvements. *Murphy* v. *Peoria,* 119 Ill. 509; 10 Am. & Eng. Ency. of Law, 280; Dillon on Mun. Corp. sec. 807; Elliott on Streets and Roads, 360, 374, 390, 407.

The Park act of May 2, 1873, mentions the building of sewers as one of the acts park commissioners might do in "improving" the boulevards, etc., under their control. Hurd's Stat. sec. 29, chap. 105.

Our Supreme Court has held that water mains and sewer-pipes are local improvements, under the special assessment act for cities and villages; and Dillon says that their construction in a public street is "only a proper or necessary use incident to a street in a populous place." Dillon on Mun. Corp. sec. 697.

R. S. THOMPSON, for appellees Byron A. Baldwin *et al*:

The only possible use to the street or boulevard to be obtained from a water-pipe is, that it may furnish a convenient method of obtaining water for the purpose of sprinkling the street to prevent dust. But this court has already declared that even the city of Chicago has no power to levy or collect a special assessment for the purpose of sprinkling streets. *Chicago* v. *Blair*, 149 Ill. 310.

This court has decided that the city of Chicago can not assess the park property for street improvements, (*West Chicago Park Comrs.* v. *Chicago*, 152 Ill. 392,) and one reason among others for the decision is, that it would be intruding upon the rights and powers of the West Chicago Park Commissioners. It follows, this attempt to furnish private property a water supply, and to regulate the same, is an intrusion upon the powers held by the city, namely, to supply water, to regulate the use thereof and collect water rates therefor.

MAHER & GILBERT, for appellee Edwin F. Dunne:

Sewers are no part of the street. They are constructed for the benefit of the abutting property. The park commissioners are given no authority to improve abutting property. Their power is confined solely to the improving of boulevards and streets under their control. Act of June 24, 1885, sec. 1; Hurd's Stat. 1895, chap. 105.

If the power to construct sewers is not expressly granted it does not exist, unless the construction is indispensable to the improvement of the boulevard in question,—not merely convenient, as counsel supposes. Dillon on Mun. Corp. (4th ed.) sec. 8; *Chicago* v. *Blair*, 149 Ill. 310.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The West Chicago Park Commissioners passed an ordinance for a twelve-inch sewer-pipe in the south drive of Central boulevard, from St. Louis avenue to Trumbull avenue, in the town of West Chicago, in the city of Chicago, and also an ordinance for a water main in the north drive of Central boulevard, from Kedzie avenue to Albany avenue, in the town of West Chicago, in the city of Chicago, and filed assessment rolls in the county of Cook, levying special assessments for the purpose of raising funds to pay for these improvements. To one of the proceedings in the county court appellee Dunne was made a party, and to the other appellee Baldwin. Both filed exceptions to the assessment, to the effect that the park commissioners had no authority to pass these ordinances. The objection was sustained and the assessment proceedings dismissed. From these judgments the commissioners have appealed, and by agreement of parties the two cases are considered together as one.

The only authority claimed by the commissioners for the levying of a special assessment to pay for laying the water main and sewer in the boulevard is section 1 of the act of June 14, 1895, (Hurd's Stat. 1895, chap. 105, sec. 140,) entitled "An act to enable park commissioners or park authorities to make local improvements, and to provide for the payment therefor." Section 1 of that act is as follows:

"Sec. 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That all and any boards of park commissioners or park authorities now existing or hereafter established for the purpose of locating, establishing, inclosing, improving or maintaining any public park, boulevard, driveway, highway or street, are hereby vested with power and authority to levy, assess and collect special assessments or special taxes on contiguous property, or general taxes, or both, or otherwise, for the purpose of improving any boulevard, highway,

driveway or street which may be now or may hereafter come under their control in any manner whatsoever."

The title of this act is, to provide for the payment for making *local improvements,* but the body of the section just quoted gives power to make assessments only *"for the purpose of improving any boulevard, highway, driveway or street."* The only question which we deem it important to consider is, whether the making of the improvements mentioned in these ordinances is within the power conferred.

The ordinance providing for the sewer describes it to be constructed with man-holes, catch-basins and house connections, the latter to be on one side of the sewer opposite each 26.6 feet of lot frontage, thus clearly showing that it is intended as a service sewer, and not for the purpose of draining the street. That providing for the laying of the water main also describes it as being solely for the purpose of supplying water to consumers along the street. It is said by Judge Dillon in his work on Municipal Corporations, (3d ed. sec. 89): "It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation, —not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied. Of every municipal corporation the charter or statute by which it is created is its organic act. Neither the corporation nor its officers can do any act or make any contract or incur any liability not authorized thereby. All acts beyond the scope of the powers granted are void." This language has been quoted with approval by this court in numerous cases. "The authority to municipalities to impose burdens upon persons or property is wholly statutory, and where its exercise may result in

divestiture or transfer of property, the right to exercise it must be clear, and strictly pursued; and this rule applies to proceedings under the taxing power, including special assessments and special taxation." *City of Chicago* v. *Blair*, 149 Ill. 310, and *Davis* v. *City of Litchfield*, 145 id. 313.

It is not claimed, as clearly it could not be, that there is any express authority in the statute for the laying of these pipes, and if authority to do so exists at all, it must be under the second or third head of the rule above quoted from Dillon, that is, "necessarily or fairly implied in or incident to the power to improve boulevards, or essential to the object and purpose of making such improvements,—*not simply convenient, but indispensable.*" We are at a loss to perceive how it can be said that the laying of a sewer such as is described in the one ordinance, or the water main as in the other, can in any proper sense be regarded as an improvement of the boulevard. They can in no possible way add to its utility as a driveway or street, nor to the attractiveness of it, nor contribute to the comfort and convenience of the traveling public. As before stated, the ordinances show that they are put in the street for the purpose of benefiting the adjoining property alone, and not in any proper sense as an improvement to the boulevard.

With the question as to whether these improvements can be put down in any other way than as is here attempted to be done we have nothing to do, nor, as we conceive, have the West Chicago Park Commissioners. It is enough for us to know that no power is granted to the commissioners, under the statute, to make the improvement and compel the payment therefor by special assessment.

We think the judgment of the county court is clearly right, and it is accordingly affirmed.

*Judgment affirmed.*