SAMUEL B. LINGLE, Trustee,

*v.*

THE CITY OF CHICAGO.

*Opinion filed April 21, 1898.*

1. SPECIAL ASSESSMENTS—*parol proof of publication of notice may be made.* The fact that the statute makes the publisher's certificate of publishing notice of application for confirmation evidence of such publication does not exclude parol evidence of that fact.

2. SAME—*parol proof of publication is admissible though the objector appears specially.* Parol proof of the publication of notice of application for confirmation is admissible though the objector files a special appearance questioning the jurisdiction of the court to entertain the application for want of proper publication.

3. SAME—*laying sewer in boulevard is the province of the city.* The construction of a sewer in a boulevard under the control of park ·commissioners is for the benefit of adjoining property and not for the improvement of the boulevard, and the power to construct such sewer by special assessment resides in the city and not in the park commissioners. (*West Chicago Park Comrs.* v. *Baldwin,* 162 Ill. 87, followed.)

APPEAL from the County Court of Cook county; the Hon. C. F. WHEAT, Judge, presiding.

WILLIAM J. DONLIN, and CHARLES T. MASON, for appellant.

CHARLES S. THORNTON, Corporation Counsel, JOHN A. MAY, and ARMAND F. TEEFY, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

This is an appeal from a judgment of confirmation rendered in the county court of Cook county upon the petition of the city of Chicago for constructing a vitrified tile-pipe sewer on the west side of Southwestern boulevard, from West Twenty-second street to a point three hundred and thirty-three feet south of West Twenty-third place. Appellant appeared and filed his special appearance, in which the question of the jurisdiction of the court is raised, on the grounds, first, that the certificate of publication was insufficient and not in compliance with the statute; and secondly, that the city of Chicago had no power to make the improvement and levy an assessment for a sewer in a boulevard under the exclusive authority and control of the West Chicago Park Commissioners. These questions were raised by objections to the confirmation. The objections were overruled, and the defendant excepts and prosecutes this appeal.

The certificate of publication recites, after containing the proper notice: "It is further certified that the said *Chicago Dispatch* was at the time of the publication of said notice, and is now, the corporation newspaper of the said city of Chicago, and that Joseph R. Dunlop was on the 30th day of April, 1897, and from said 30th day of April until and including the 4th day of May, 1897, the publisher of said newspaper, and that from the said 4th day of May, 1897, H. J. Huiskamp was, and is now, the publisher of said newspaper." The object and purpose of a publication of this character are to give notice to the parties named therein of the pendency of the proceedings, and this notice, it is provided by the statute, may be proven by the certificate of the publisher. It has uniformly been held in this State that the certificate of the publisher is

not the only evidence that may be had with reference to proof of the publication. Parol evidence may be received to prove the notice was published. *Harris* v. *Lester*, 80 Ill. 307; *Rue* v. *City of Chicago*, 66 id. 256; *Pierce* v. *Carleton*, 12 id. 358.

The court heard extrinsic proof that the notice was published for five successive days in the *Chicago Dispatch*, which went to the establishment of the same facts as could be established by a certificate of publication in absolutely correct form. Such extrinsic proof may be had in cases where the appearance of defendant is limited, for the purpose of making the objection. It was not error to allow such oral evidence.

The West Chicago Park Commissioners are a corporation, and have control of the boulevards within their district for the purpose of improving the same by adding to their utility as driveways or streets. It was held by this court in *West Chicago Park Comrs.* v. *Baldwin*, 162 Ill. 87, that the act of June 14, 1895, authorizing park boards to make assessments for the purpose of improving any boulevard, driveway or street, confers no power on such boards to levy an assessment for sewers and water mains intended to supply sewer and water service to residences on a boulevard, as the laying of a sewer or a water main could not in any proper sense be regarded as an improvement to the boulevard by adding to its utility as a driveway or street or to its attractiveness. The object and purpose of putting a sewer in a boulevard are to benefit adjoining property along, and not in any proper sense as an improvement to, the boulevard. No authority is given park commissioners to place a sewer in a boulevard, and the power to do so exists in the city council of the city.

It was not error to overrule the objections and enter the judgment of confirmation. The judgment of the county court of Cook county is affirmed.

*Judgment affirmed.*