### A. B. McChesney

*v.*

### The People *ex rel.* Kochersperger, County Collector.

*Opinion filed February 17, 1899—Rehearing denied April 6, 1899.*

1. Amendments—*delinquent list is under control of collector until time of application for judgment.* A tax collector, not being required to file his published list until the time of application for judgment, may before such time re-file a list previously filed and add a new certificate, although the better practice would be to file a new list.

2. Same—*court may permit amendment of certificate of publication before judgment.* The county court has power to permit the amendment of a certificate of publication to a delinquent list while the application for judgment is still pending.

3. Taxes—*parol evidence as to publication of list is admissible.* Upon application for judgment against delinquent lands it is not error to admit parol evidence of facts relating to the publication of the delinquent list.

4. Same—*effect of clerk's failure to place file-mark on delinquent list.* The clerk's failure to place his file-mark upon a delinquent list does not destroy its validity, where the evidence shows that the book containing the list was delivered to the clerk of the county court within the time required by law.

5. Same—*general appearance cures defective notice of application.* A general appearance by the owner in a proceeding to sell lands for delinquent taxes or assessments cures the defects in the notice of the application for judgment.

6. Same—*special appearance must be confined to matters of jurisdiction.* An objection to an application for judgment of sale for taxes, based upon the county collector's refusal to permit the objector to examine the books containing the city collector's report and warrants, does not go to the jurisdiction of the court to enter judgment, and operates as an entry of general appearance.

7. Same—*collector's refusal to permit inspection of books not ground for refusing judgment.* The county collector's denial of the right of a property owner to examine the books containing the city collector's warrants and report is not ground for refusing judgment of sale, in the absence of any application to the court to postpone hearing to permit an inspection of such book.

8. Same—*when judgment is in substantially correct form.* A judgment against the property of the objector, in the name of the People, substantially complies with section 191 of the Revenue act, though it does not read as entered against "the aforesaid tract of land."

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

F. W. BECKER, for appellant.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an application of the county collector of Cook county for judgment against delinquent lands, at the July term, 1898, of the county court. Appellant appeared and filed special objections, in which he called in question the jurisdiction of the county court to enter judgment and order of sale against his lands. The objections were overruled and judgment entered, and appellant appealed.

The application was made on the second Monday of July, being the 11th day of July, 1898. On the hearing of the objections it appeared from the evidence that on the 21st day of June, 1898, a paper containing the delinquent tax advertisement list of lands and lots was deposited in the office of the clerk of the county court and marked "filed June 21, 1898." A certificate of publication was attached to the list, signed by the publisher of the paper. On July 7 the foregoing file-mark was covered over by a fly-leaf and a new file-mark written thereon as follows: "Filed July 7th, 1898.—Philip Knopf, Clerk County Court." The certificate of publication was also replaced by another varying from the former. The objector claimed that the certificate filed June 21, and not that filed July 7, was the one before the court. The court, however, overruled the objection and treated the certificate filed July 7 as the one properly before the court.

Under section 186 of chapter 120 of the Revised Statutes the collector is not required to file the published list until the time arrives when application for judgment is

made. The collector was not, therefore, required to file the published list on the application in question until July 11, 1898. If he filed a published list on the 21st of June, he had the right, if he saw proper, to file another on the 7th of July, and on the application on the 11th he had the right to rely upon either list, as his judgment might dictate. It probably would have been a better practice if the collector, instead of re-filing the list and adding a new certificate thereto on July 7, had filed another paper containing the published list with a new certificate attached; but as the published list was within the control of the collector until application for judgment was made, we see no reason why he might not re-file the list with a new certificate of the publisher attached. We do not, therefore, regard the ruling of the court on the published list as erroneous.

The judgment, however, does not rest on the published list of delinquent lands filed on July 7. It appears that on the second day of August, while the application for judgment was still pending, the appellee asked leave to amend the certificate of publication filed on July 7 by filing a new certificate of publication, and to further amend by adding the words "of Cook county" after the file-mark of "Philip Knopf, Clerk County Court." The motion to amend the court held under advisement until September 23, 1898, when the motion was allowed and the amendment made. The judgment was rendered on the application, and papers accompanying it, as they existed after the amendment, when, as we understand the record, they conformed to the statute.

But it is said the court had no power to grant the amendment. We do not concur in that view. It is a well established rule that in all common law and chancery proceedings amendments to the pleadings may be made at any time prior to the rendition of judgment, upon proper application to the court. But, independently of the practice in other cases, section 191 of the Revenue

law expressly provides for amendments on application for judgment for taxes. That section is as follows: "In all judicial proceedings of any kind for the collection of taxes and special assessments, all amendments may be made which by law could be made in any personal action pending in such court, and no assessment of property or charge for any of said taxes shall be considered illegal on account of any irregularity in the tax lists or assessment rolls, * * * and no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof, and any irregularity or informality in the assessment roll or tax lists, or in any of the proceedings connected with the assessment or levy of such taxes, or any omission or defective act of any officer or officers connected with the assessment or levying of such taxes, may be, in the discretion of the court, corrected, supplied and made to conform to law by the court or by the person (in the presence of the court) from whose neglect or default the same was occasioned." (Rev. Stat. p. 889.)

In *Hinkle* v. *City of Mattoon*, 170 Ill. 316, it was held that an affidavit of the mailing of notices of application for confirmation of a special assessment may be amended, upon notice to parties interested, at any time after judgment, so as to show the truth of what was really done in the way of service, where the *bona fide* rights of third parties have not intervened. In *Dunham* v. *City of Chicago*, 55 Ill. 357, it was also held that the certificate of publication was amendable even after judgment.

The publisher of the *Inter-Ocean*, the paper in which the delinquent lands were published, was called as a witness, and testified that he was publisher of the paper and to other facts in regard to the publication of the list, and it is claimed that the court erred in the admission of parol evidence. This question arose in *Lingle* v.

*City of Chicago,* 172 Ill. 170, and we held that parol evidence was admissible.

Objection is made to the delinquent list because it was not filed. The evidence showed that the book containing the delinquent list was delivered into the possession and custody of the clerk of the county court within the time required by law, and the mere fact that the clerk failed to place his file-mark upon the book did not destroy its validity. This question is settled adversely to appellant in *Mix* v. *People,* 106 Ill. 425.

It is also claimed that there was a variance between the delinquent list and the advertisement. The delinquent list filed by the collector in the county court gave the name of the owner as "A. B. McChesney," while the notice published in the paper gave the name of the owner as "Chesney." It is undoubtedly true that there is a variance between the name of the owner as given in the delinquent list and as given in the notice, but the question which necessarily arises is whether the notice which gave the name of the owner as "Chesney" was sufficient to give the court jurisdiction to render the judgment against the property of A. B. McChesney. Section 182 of the Revenue law provides that "said advertisement shall be published at least three weeks previous to the term of the county court at which judgment is prayed, and shall contain a list of the delinquent lands and lots upon which the taxes or special assessments remain due and unpaid, the names of owners, if known, the total amount due thereon, and the year or years for which the same are due." Here the advertisement was published for the time required, contained a correct list of the lands, the correct amount due, and the year for which the taxes and special assessments were due. As to the name of the owner, the advertisement, among other things, contained the following: "The following lists contain the delinquent lands, etc., within the corporate limits of the city of Chicago * * * upon which remain due and un-

paid the amount of certain special assessments * * * levied and assessed by authority of the city of Chicago. * * * Said lists also show the names of the owners of the lands, * * * so far as known." In the lists the name is given as "Chesney." Where the name of the owner is known to the collector the law imposes upon him the duty to give the name of the owner in the advertised list, and a failure to do so will render the notice bad. In the case under consideration it is apparent that the name of the owner was known to the collector, because he had given the name correctly in the delinquent list, which ·he could not have done if the name of the owner had been unknown. It was therefore a plain disregard of duty to omit the name of the owner from the published list. Cooley on Taxation, p. 335.

But we do not think appellant in a position to take advantage of the defective notice. As a general rule, a general appearance by the owner in a proceeding to sell lands for delinquent taxes or assessments cures all defects in the notice of the application for judgment. (*Nicholes* v. *People*, 165 Ill. 502.) Upon looking into the record it will be found that appellant, when he appeared in the county court, did not confine his objections to the question of jurisdiction alone, but interposed other objections against the proceeding. The appellant filed eleven objections, the last of which was as follows: "Because this objector, through his counsel, prior to the application herein, was by the county collector, on proper request made, denied access to or view of the books in his office containing the report of the city collector, and warrants attached, applying to objector's property involved herein, upon the ground that said books were not public books but the private books of the collector, whereby this objector was prevented from ascertaining whether there was a report of the city collector or a warrant or warrants for collection, or whether said report and warrant or warrants complied with the law or corresponded

with the delinquent list and advertisement, and was hindered and prevented from obtaining other information necessary to filing objections, and to a proper defense herein." The fact, if true, that appellant was denied the right to examine books in the collector's office could have no bearing upon the right or power of the court to hear, determine and enter judgment on the application of the collector. The action of the collector, as raised by the objection, was a mere irregularity in the proceedings which had no bearing whatever on the jurisdiction of the court, and when appellant filed this objection he must be regarded as having entered a general appearance, which, of course, would be an abandonment or waiver of the defect in the notice. In the case last cited it is said: "A special appearance must be for the purpose of urging jurisdictional objections only, and it must be confined to a denial of jurisdiction. An appearance for any other purpose than to question the jurisdiction of the court is general."

It is also claimed that the judgment entered is erroneous because entered against the property of the objector when the statute required it to be entered against "the aforesaid tract or tracts or lots of land." A judgment entered against the property of the objector, in favor of the People, although not in the precise words of the statute, is a substantial compliance with section 191 of the Revenue act.

As to the judgment rendered by default on July 13 the court had the right to render judgment against delinquent lands where no objections were filed. Moreover, appellant cannot complain of that judgment as it did not affect his property.

In regard to the complaint that appellant was denied the right to inspect certain public records or books in the collector's office. The appellant, no doubt, had a right to inspect any public record or book in the collector's office, and if the collector refused, the appellant might

have enforced the right by an appropriate proceeding. But the denial of the right could not invalidate the application for judgment. It might have been sufficient ground for a postponement of the hearing of the objections to afford appellant time to inspect the records, had an application been made for that purpose.

The judgment of the county court will be affirmed.

*Judgment affirmed.*