CHARLES H. SMYTHE *et al.*

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed December 20, 1905.*

1. SPECIAL ASSESSMENTS—*delinquent list and notice must agree.* Upon application for judgment of sale the delinquent list stands as a declaration and the notice as process, and they must agree.

2. SAME—*what constitutes a fatal variance between delinquent list and notice.* Description of property in the delinquent list as being located in "Sherman & Krutz's Roseland Park addition to Pullman" and the notice as being in "Herman & Krutz's Roseland Park addition to Pullman" is fatally variant when questioned on special appearance, even though the evidence shows there is only one addition in Pullman of the name set out in the delinquent list and no addition of the name set out in the notice.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

TAYLOR & MARTIN, for appellant.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (JAMES H. LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application for judgment and order of sale against the lands of appellants in the county court of Cook county to satisfy the first installment of a special assessment levied for the construction of a system of sewers in the city of Chicago known as the West One Hundred and Thirteenth street system. The appellants appeared specially and filed objections on the ground that there was a fatal variance between the notice for judgment and order of sale and the delinquent list, and pointed out in their objections that the property was described in the notice as being located in "Herman & Krutz's Roseland Park addition to Pullman," whereas it was described in the delinquent list as being located in "Sherman & Krutz's Roseland Park addition to Pullman." Appellee introduced evidence showing that there was only one "Sherman & Krutz's Roseland Park addition to Pullman" and no "Herman & Krutz's Roseland Park addition to Pullman," whereupon the court overruled the objections and rendered judgment and entered an order of sale against the lands of appellants, to reverse which judgment and order of sale the appellants have prosecuted this appeal.

The statute (3 Starr & Curt. Stat.—2d ed.—chap. 120, par. 184, p. 3464,) provides that the county collector shall give notice for judgment and sale for delinquent taxes and special assessments by publication, which publication notice shall contain a list of the delinquent lands and lots upon which the taxes or special assessments remain due and unpaid, the names of the owners, if known, the total amount due thereon, and the year or years for which the same are due, and that he will apply to the county court for a judgment and order of sale against said lands and lots for said taxes and special assessments, with interest and costs. This section of the statute is mandatory and must be complied with strictly, otherwise the county court does not obtain jurisdiction to proceed. Cooley, in his work on Taxation, (1st ed.) on page 335 says, that whether the notice required is to be

made by publication or by posting, "it must be complied with strictly. This is one of the most important of all the safe-guards which has been deemed necessary to protect the interests of the parties taxed; and nothing can be a substi-tute for it or excuse the failure to give it." Blackwell, in his work on Tax Titles, (4th ed. p. 249,) says, that where "the statute declares what the contents of the advertisement shall be, each fact required by the statute must appear in the ad-vertisement or it will be void; thus, the time and place of sale, a description of the lands to be sold, the amount of tax due, the name of the owner, * * * the year for which the tax was due, a recital of the purpose for which the tax was levied, and such other facts as the particular statute un-der which the notice is given may have rendered essential. Any omission in these respects, or variance between the con-tents of the notice and the facts of the case, will invalidate the proceedings."

This court (*McChesney* v. *People,* 178 Ill. 542; *Gage* v. *People,* 188 id. 92;) has held that a material variance be-tween the notice and the delinquent list is fatal to a valid judgment and order of sale. The variance between the no-tice and delinquent list in the *McChesney case* was, that the name of the owner appeared in the notice as "Chesney" and in the delinquent list as "A. B. McChesney;" and the vari-ance in the *Gage case* was, that the notice and delinquent list described differently the special assessment warrants, both as to date and the improvement for which the special assess-ment was to be levied. The delinquent list stands as a dec-laration and the notice as process, and they must agree. (*Mann* v. *People,* 102 Ill. 346.) The appellee sought to correct the defect by showing that there was no "Herman & Krutz's Roseland Park addition to Pullman," but that there was a "Sherman & Krutz's Roseland Park addition to Pull-man," and reliance is placed upon a line of cases which hold that if a description is of such a character that a competent surveyor with reasonable certainty, either with or without

extrinsic evidence, can identify the property, the tax levy will be sustained. (*Law* v. *People,* 80 Ill. 268; *Otis* v. *People,* 196 id. 542.) Those cases are not in point. There the sole question raised was whether the property had been sufficiently described in a delinquent list or in a tax deed, while here the question is, did the court have jurisdiction to render judgment against appellants' property and to order it sold to satisfy a delinquent special assessment? We think it clear, under the authority of the *McChesney* and *Gage cases,* there was a material variance between the notice and the delinquent list, and that the county court erred in not sustaining the objections of appellants to the application for judgment and order of sale.

The judgment of the county court will be reversed and the cause remanded to that court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*