THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LYNDEN EVANS *et al.*—(EMMA J. GLOS *et al.* Plaintiffs in Error.)

*Opinion filed February 21, 1914—Rehearing denied April 8, 1914.*

1. APPEALS AND ERRORS—*a decree may be reversed on writ of error though void.* The fact that a decree is void as to a certain person, in that it purports to find that she has no interest in the land involved notwithstanding she was not a party to the suit, does not preclude her from having the decree reversed on writ of error, as a writ of error is not limited to erroneous judgments, only.

2. SAME—*when reversal of a decree as to one plaintiff in error will not affect its validity as to others.* The reversal of a decree as to one plaintiff in error because it assumed to adjudicate upon her rights though the court had no jurisdiction of her person will not affect the validity of the decree as to the other plaintiffs in error, nor the errors assigned by them, unless she was an indispensable party, without whose presence no decree could be rendered.

3. SAME—*what does not show that person was an indispensable party to a tax lien foreclosure suit.* The single fact that during the hearing of a tax lien foreclosure suit by the People a quit-claim deed was offered in evidence purporting to convey to the wife of one of the defendants one-third of whatever interest the husband had acquired in lots in the county by virtue of tax deeds, but which did not describe the property against which the lien is being foreclosed, does not show that such grantee was a necessary party.

4. SAME—*bar of Statute of Limitations to writ of error cannot be interposed after joinder in error.* A suit commenced by writ of error is subject to the bar of the Statute of Limitations, but the question should be raised by plea or motion to dismiss, and the bar cannot be interposed after joinder in error, which operates as a demurrer to the assignments of error.

5. TAXES—*lien for taxes is paramount to all rights, titles or interests.* The lien for taxes which have been forfeited to the State is paramount to all rights, titles, claims or interests, whenever and however acquired, and everyone claiming an interest is a proper party defendant to a proceeding to enforce the lien, and his interest is subject to a decree finding the amount of taxes due and foreclosing the lien.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

JOHN R. O'CONNOR, for plaintiffs in error.

CARL R. CHINDBLOM, and WILLIAM F. STRUCKMANN, for the People.

CHARLES L. BARTLETT, and SHERMAN C. SPITZER, for B. H. Collier and Walter Langlois.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 17, 1905, a bill was filed in the circuit court of Cook county, in the name of the People of the State of Illinois, to foreclose the lien for taxes upon a number of lots which had been forfeited to the State for the taxes of four successive years. The plaintiff in error Jacob Glos, who was one of the defendants, was served with process and answered and defended the suit. There was a decree of foreclosure, and the lots were sold on December 8, 1906, by virtue of the decree. The next day the purchaser assigned the certificate of purchase to B. H. Collier and S. B. Tefft. On October 16, 1909, Collier and Tefft filed a petition in the cause, alleging a compliance with the Revenue act in giving notice of the sale and expiration of the time of redemption, and asking the court to find that they were entitled to a deed of conveyance, vesting in them, as tenants in common, a title in fee simple to the premises sold and to order a conveyance. On the same day the court heard the petition, found the facts alleged to be true and ordered the execution of the deed. In that decree the court found that the plaintiff in error Emma J. Glos, who had not been made a party to the suit nor served with process and who had not appeared in the suit, claimed some right, title or interest in or to the lots during the redemption period, and that she was not, in truth and in fact, the owner of the same or any of them or part or parts thereof. A deed was executed in accordance with the decree, and the

title conveyed passed to Edwin M. Clark and Robert Za-
leski.   Afterward Edwin M. Clark filed a bill for partition
in the superior court of Cook county against Robert Zaleski
and others.   The plaintiff in error Jacob Glos was a de-
fendant in that suit, and the plaintiff in error August A.
Timke, who had acquired from Jacob Glos an interest ·in
the premises after the foreclosure suit became *lis pendens,*
was also a defendant.   There was a decree finding that
Edwin M. Clark and Robert Zaleski were the owners in
fee simple of the lots and ordering partition.  Jacob Glos
and August A. Timke, with two others, appealed from the
decree and it was affirmed ·by this court.  (*Clark* v. *Za-
leski,* 253 Ill. 63.)   On April 17, 1911, the plaintiff in er-
ror Emma J. Glos filed a bill of review in the circuit court
of Cook county to impeach and set aside the decrees en-
tered in the foreclosure suit, and the plaintiff in error
Jacob Glos filed a cross-bill attacking the decrees for sub-
stantially the same reasons alleged in the original bill.   The
cross-bill was stricken from the files and the original bill
dismissed.   Emma J. Glos and Jacob Glos appealed and
the decree of the circuit court was affirmed.  (*Glos* v. *Peo-
ple,* 259 Ill. 332.)   On October 15, 1912, the plaintiffs in
error, Jacob Glos, Emma J. Glos and August A. Timke,
sued out of this court a writ of error in this case and sepa-
rately assigned upon the record alleged errors in the pro-
ceedings in the foreclosure suit and the two decrees entered
therein.

The plaintiff in error Emma J. Glos assigns for error
the want of jurisdiction of the circuit court to make a
finding in the decree of October 16, 1909, that she had no
right, title or interest in the lots in question, or any of
them, or any part or parts thereof, and the defendants in
error reply that she cannot question the finding or decree
by writ of error, because it is a nullity as to her and can
be disputed collaterally in any suit or proceeding.   She was
not named as a party in the suit, was not served with pro-

cess and did not submit herself to the jurisdiction of the court, so that she could have disputed the validity of the decree anywhere. (*Goudy* v. *Hall*, 30 Ill. 109; *Miller* v. *Handy*, 40 id. 448; *Campbell* v. *McCahan*, 41 id. 45; *Huls* v. *Buntin*, 47 id. 396; *Haywood* v. *Collins*, 60 id. 328.) That was the ground upon which the decree in *Glos* v. *People, supra*, was affirmed, denying her right to invoke the jurisdiction of a court of equity to review the decree. As the decree could not be a cloud upon title there was no equitable feature involved which would authorize the interposition of a court of equity, but it does not follow from the fact that she could not attack the decree in that proceeding that she may not attack it by writ of error. The fact that the court had no jurisdiction is not regarded as a good reason, at law, for allowing a void judgment to stand. In *Goodsell* v. *Boynton*, 1 Scam. 555, the court held that the proceedings were *coram non judice* and the judgment void because it was rendered by a tribunal acting without authority of law, and the judgment was reversed for that reason. In *Capron* v. *VanNoorden*, 2 Cranch, 126, the record failed to show jurisdiction in the court, so that the judgment was void, and it was held that it would be reversed for that reason on error, even at the suit of the plaintiff, who had invoked the jurisdiction of the court. The judgment being void would not have affected any right of either party to the suit and might have been disregarded by either, but it was reversed because it was void, and the case was frequently cited afterward by the same court. The writ of error is not limited to judgments which are merely erroneous, but it will lie to a judgment which is void on its face. (*Stonington* v. *States*, 31 Conn. 213; *Striker* v. *Mott*, 6 Wend. 465; *Waters* v. *Randall*, 8 Metc. 132; *Jordan* v. *Dennis*, 7 id. 590; *Gray* v. *Thrasher*, 104 Mass. 373; *Sullivan* v. *LaCrosse Steam Packet Co.* 10 Minn. 386; *Cooper* v. *American Central Ins. Co.* 3 Colo. 318; *Filley* v. *Cody*, 4 id. 109; *Mitchell* v. *Kennedy*, 1

Wis. 806; *Skinner v. Beshoar*, 2 Colo. 385.) The decree assuming to adjudicate upon the right or title of the plaintiff in error Emma J. Glos without jurisdiction of her person was void and will be set aside.

As Emma J. Glos is entitled to maintain the writ of error, the claim of defendants in error that the writ was sued out as a joint writ and if not maintainable by one must be dismissed as to all, if applicable to any case where errors are separately assigned, cannot be sustained.

The reversal of the decree as to Emma J. Glos does not affect the validity of the decree as to the other plaintiffs in error, nor the errors assigned by them, unless she was a necessary party, without whose presence no decree could, be rendered. There was no basis in the pleadings for the claim that she was an indispensable party to the suit, and the single fact that a quit-claim deed was offered before the master purporting to convey to her one-third of whatever interest Jacob Glos had acquired in lots in Cook county by virtue of tax deeds, and which did not describe this property, was not sufficient to show that she was a necessary party. The fact was not made to appear either by averment in the answer of Jacob Glos nor by proof admissible under the pleadings.

As to the errors assigned by the plaintiffs in error Jacob Glos and August A. Timke upon the decree of foreclosure, counsel for defendants in error say that the decree cannot be questioned, because the writ of error was not sued out within the time limited by the statute. A suit commenced by writ of error is subject to the bar of the Statute of Limitations, but the bar cannot be interposed after joinder in error, which operates as a demurrer to the assignments of error by raising the question in argument. It is proper to plead the statute, (*Johnson v. Humboldt Ins. Co.* 91 Ill. 92; *International Bank v. Jenkins*, 104 id. 143; ) and the statute may be presented by a motion to dismiss where it appears on the face of the record that the

suit is barred and no facts or circumstances are alleged in the assignment of errors to take the case out of the statute. The defendants in error should have raised the question by plea or motion if they desired to rely upon the statute as to the decree of foreclosure.

Upon considering the errors assigned we do not find any that require a reversal of the decree or that require much attention. Jacob Glos was made a defendant in the foreclosure suit, was served with process and appeared, claiming by his answer an interest in all the lots under his tax deed and denying that his interest was subject to the lien of the taxes. The lots were subject to the lien for taxes, and that lien was paramount to all rights, titles, claims or interests, whenever and however acquired, so that there was no right involved except in a possible surplus above the amount necessary to satisfy the decree, and there was no surplus about which different parties might contend. It is argued that there was such defect of notice that the court was without jurisdiction to enter the decree of October 16, 1909; but that question was settled in *Clark* v. *Zaleski, supra,* which, although a collateral attack, necessarily required a decision as to the jurisdiction of the court. The decree contained full findings of fact, based on the verified petition and affidavits and upon testimony, proofs and exhibits presented and heard in open court, and there is no certificate of evidence to contradict the finding. The decree was entered on the last day of a term of the court, but there is no statute limiting the time during a term in which the court may hear and determine any pending matter, and no rule of court has been made known which was violated. The argument that the alleged adverse title of Jacob Glos could not be litigated in the foreclosure suit comes too late, for the reason that it was the only matter litigated by him, but there is no merit in the claim. The lien for taxes is a first and prior lien to all titles and claims

of all parties, and every one claiming an interest is a proper party defendant. The court merely found the amount of taxes due and foreclosed the lien against all the defendants, and there was no error in that regard.

The decree is reversed as to Emma J. Glos and affirmed as to Jacob Glos and August A. Timke. The plaintiffs in error Jacob Glos and August A. Timke will pay two-thirds of the costs of the appeal and the defendants in error B. H. Collier and S. B. Tefft will pay the remaining one-third of the costs.

*Reversed in part and affirmed in part.*