(No. 15688.—Reversed and remanded.)

THE PEOPLE *ex rel.* Melvin Thaxton, County Collector, Appellee, *vs.* THE COAL BELT ELECTRIC RAILWAY COMPANY, Appellant.

*Opinion filed February 19, 1924.*

1. NOTICE—*courts do not take judicial notice of who are publishers of newspapers.* Courts do not take judicial notice of who are publishers of newspapers, and in the certificate of publication required by statute to be made by the publisher of a newspaper as proof of the publication of notices, the fact that the person making the certificate is publisher of the newspaper should affirmatively appear.

2. TAXES—*publication of notice serves as process in proceeding for judgment and sale for delinquent taxes.* In a proceeding for judgment and order of sale against lands for non-payment of taxes the delinquent list serves as a declaration and the publication of notice as process.

3. SAME—*what must appear in a certificate of publication of notice—act of 1909.* Under section 1 of the act of 1909 relating to notices, a certificate of the publication of notice of a proceeding for judgment and sale for delinquent taxes must certify the relation of the maker of the certificate to the newspaper or the fact that he is publisher, as said act requires proof of publication to be made by the certificate of the publisher or his authorized agent.

4. SAME—*statement that newspaper has been "established" six months is not sufficient.* A statement in a certificate of the publication of notice of a proceeding for judgment and sale for delinquent taxes that the newspaper in which the publication was made is "a regularly published newspaper within the meaning of the law, having been established more than six months," does not satisfy the requirement of the act of 1909 relating to notices that the newspaper must have been regularly published for at least six months prior to the first publication of the notice.

5. SAME—*proof of publication of notice under act of 1909 is jurisdictional.* A proceeding to sell lands for delinquent taxes is a proceeding *in rem,* and to give the county court jurisdiction to enter judgment and order of sale the notice of the application for judgment must be published in the form and for the time required by law, and proof of the publication must be made in the manner required by the act of 1909 relating to notices.

6. SAME—*void judgment may be reviewed by writ of error or appeal.* A void judgment may be reviewed by an appellate tribunal by writ of error or appeal, and where the county court enters judgment and order of sale against delinquent lands for default in appearance but hears evidence on objections filed two days after the default judgment and overrules the objections, an objector is entitled to appeal on the ground that the judgment was void for defective proof of publication of notice, although no specific request was made to set the judgment aside.

7. SAME—*court should consider objections filed after void judgment for default.* Where a judgment and order of sale of delinquent lands for default in appearance are void for want of jurisdiction, the court should consider objections filed after entry of the void default judgment, determine them on their merits, and render judgment accordingly.

APPEAL from the County Court of Williamson county; the Hon. A. D. MORGAN, Judge, presiding.

LEON A. COLP, and JOSIAH WHITNEL, (EDWARD J. WHITE, GEORGE B. WHITE, and L. O. WHITNEL, of counsel,) for appellant.

D. L. DUTY, State's Attorney, RAY D. HENSON, and GEORGE T. CARTER, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Williamson county against the property of appellant for certain taxes delinquent for the year 1922.

The county collector caused publication to be made in a newspaper of Williamson county giving notice of his intention to make application to the county court, at the June term thereof, for judgment for the taxes and order of sale

of delinquent lands in the county. The publication contained a description of appellant's lands in Williamson county and the amount of respective taxes thereon and other data. A certificate of the publication of such advertisement in the *Herrin Journal* on May 14 was signed and sworn to and was filed May 15, 1923, with "S. E. Storme, County Clerk." Application for judgment and order of sale was made by the collector, and on Monday, June 4, which was the first day of the June term of the county court, judgment by default was entered. On June 6 appellant filed objections to taxes in West Marion and Blairsville townships and the village tax of the village of Energy. Hearings were had, and on June 27 the court ruled that said objections were filed after the time allowed therefor by law and after judgment by default had been entered against the property; that no motion had ever been made to set aside or modify the default judgment; that the same was in full force and effect, and for those reasons it overruled each of appellant's objections and granted appellant's prayer for an appeal.

It is contended by appellant that the court had no jurisdiction to enter the default judgment and that the judgment is void. The certificate of the publisher failed to certify that he was the publisher of the *Herrin Journal,* the paper in which the delinquent list was published, or that such newspaper had been regularly published for at least six months prior to the first publication of the advertisement. In *McChesney* v. *People,* 174 Ill. 46, it was held that a certificate of publication is defective in failing to certify the relation of the person making it, to the newspaper. Courts do not take judicial notice of who are publishers of newspapers, and the fact should affirmatively appear. The certificate here involved is very similar to that held defective in the *McChesney case, supra.*

Where an application for judgment and order of sale against lands for non-payment of taxes is made, the delin-

quent list serves as a declaration and the notice as process. (*Smythe* v. *People,* 219 Ill. 76; *Wiggins Ferry Co.* v. *People,* 101 id. 446.) At the time the *McChesney case* was decided, section 186 of the Revenue act required the publisher of the delinquent list to furnish to the collector four copies of the paper containing the delinquent list, to one of which such publisher must have attached his certificate, under oath, of due publication. This copy and certificate the collector was required to present to the county court at the time judgment was prayed, and it was thereafter made a part of the county court records. Section 182 of the Revenue act requires the publication of the delinquent list once "in a newspaper" printed and published in the county, at least three weeks previous to the term of the county court at which judgment is asked. Neither that section nor section 186 as amended gives any directions as to how proof of the publication shall be made. Section 1 of chapter 100, entitled "Notices," provides that when any notice required by law is to be published in a newspaper and no other mode of proving the same is provided, the certificate of the publisher, with copy of the notice attached, stating the number of times published, the dates of the first and last papers containing the same, shall be sufficient proof of publication. In 1909 the General Assembly passed an act which provided that when it is required by law that any legal notice shall be published in a newspaper, it shall be held to mean a newspaper which has been regularly published for at least six months prior to the first publication of the notice. (Cahill's Stat. chap. 100, par. 10.) The certificate here recites: "I, D. C. Grear, publisher of the *Herrin Journal,* at Herrin, Williamson county, a regularly published newspaper within the meaning of the law, having been established more than six months, hereby certify that the attached copy of the said *Herrin Journal* contains a list of all lands and lots in Williamson county, Illinois, which were delinquent," etc., and that the list was published in every copy of the

paper May 14, 1923. It was held in the *McChesney case* a certificate of the purported publisher of the newspaper, substantially like the one in this case, failed to certify to the relation of the person making it to the newspaper. When that case was decided section 186 of the Revenue act required a certificate of the printer, publisher or financial agent of the newspaper. As amended, section 186 does not contain the requirement for proof of publication, but section 1 of the chapter entitled "Notices" requires proof of publication to be made by the certificate of the publisher, by himself or his authorized agent. If the certificate provided for under section 186 of the Revenue act before its amendment in 1919 required that the publisher certify to the fact that he was the publisher, as held in the *McChesney case,* the same is true of the requirement of section 1 of the chapter on notices, and the certificate to the delinquent list here was not sufficient proof of publication.

There is another reason why the proof of publication was defective. Section 1 of the act of 1909 on notices defines a newspaper to mean a newspaper which has been regularly published for at least six months prior to the publication of the notice. The recital of the certificate here describing the *Herrin Journal* as "a regularly published newspaper within the meaning of the law, having been established more than six months," is not a statement that it had been regularly published for at least six months prior to the first publication of the notice. What D. C. Grear certifies to is not that he is the publisher of the *Herrin Journal* and that it had been regularly published for six months prior to the publication of the notice. He only certified that the attached copy of the *Herrin Journal* contained a list of the lands and lots which were delinquent for the taxes payable in 1923 and that the notice was published in each copy of the issue of May 14, 1923.

A proceeding to sell lands for delinquent taxes is a proceeding *in rem,* and to give the county court jurisdiction

311–3

to enter a judgment and order of sale the notice of the application for judgment must be published in the form and in the time required by law and proof of the publication made in the manner required by the statute. The publication and proof of the notice are the process by which the court obtains jurisdiction. It was held in *City of Moline* v. *Chicago, Burlington and Quincy Railroad Co.* 262 Ill. 52, that the statement required by section 1 of the act of 1909 on notices is jurisdictional. The proof of publication of the notice in this case did not meet the requirements of the law, and the court had no jurisdiction to render the judgment.

Appellee contends that even if the judgment was void for want of jurisdiction it cannot be reviewed by appeal but only by writ of error. Here appellant objected to the taxes against it in certain municipalities two days after the judgment was rendered by default. It did not specifically ask in the written objections that the judgment be set aside, but as it objected to judgment for the taxes that objection could not prevail, however meritorious, unless the judgment was set aside. The court heard the evidence on the objections and overruled them, reciting in its judgment that the objections were filed too late and that the judgment was in full force and effect. Appellant prayed, and the court granted, an appeal to this court upon appellant giving bond in thirty days and filing bill of exceptions in ninety days. A void judgment may be reviewed by an appellate tribunal by writ of error or appeal. (*Goodsell* v. *Boynton,* 1 Scam. 555; *People* v. *Evans,* 262 Ill. 235; 3 Corpus Juris, 467.) The *Goodsell case, supra,* was an appeal from a void judgment, and this court reversed it because "the proceedings were *coram non judice.*"

It is apparent from the judgment appealed from that the court did not base its decision on the merits of the objections but upon the ground that a valid judgment had

been rendered before the objections were filed.   As the default judgment was void for want of jurisdiction, the court should have considered the objections, determined them on their merits and rendered judgment accordingly.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

*Reversed and remanded.*