(No. 27849.—)

THE PEOPLE *ex rel.* Claude Anderson, County Collector, Appellee, *vs.* CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellant.

*Opinion filed March 21, 1944.*

ROBERT F. WHITE, and J. L. McLAUGHLIN, both of Sullivan, for appellant.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal assails what is referred to in the notice of appeal as a purported judgment of the county court of Moultrie county purporting to fix the correct amount of taxes due from the Chicago and Eastern Illinois Railway

Company, and from an order of said court allowing a motion to strike appellant's objections, and an order denying appellant's motion for leave to file said objections and have a hearing on their merits. Appellant, Chicago and Eastern Illinois Railway Company, seeks to have the purported judgment, which was entered by default, vacated and to have said objections filed and set for hearing.

The facts are not in dispute. The county treasurer and *ex-officio* county collector, on September 28, 1943, presented to the court the tax judgment, sale, redemption and forfeiture record, and asked for judgment. On the People's motion the court entered a rule that all objections be filed by one o'clock P. M. on that day. At one o'clock on that day a default judgment was entered against "all persons interested in any lands and lots mentioned in the aforesaid application" not having their objections on file. The court's order recited that "it appearing to the court from the certification of publication on file in said cause," due notice has been given of the collector's intention to file application for judgment and order of sale "against the aforesaid delinquent lands, town and city lots and railroads," etc. Objections of various railroads, other than appellant, were on file and were either considered or a hearing thereon set for a future date. It was ordered and adjudged that judgment be and it was entered against the "aforesaid tract or tracts or lots of land or parts of tracts or lots," and that so much thereof as shall be sufficient to satisfy the amount of taxes, etc., be sold as required by law. At the time said default and judgment were entered the delinquent list filed by the collector did not contain the name of appellant, Chicago and Eastern Illinois Railway Company, nor any description of any real estate owned by it in said county. The certificate of publication showing the list of lands advertised as delinquent did not contain the name of appellant nor any description of any lands owned by it in said county. No one appeared in court on

behalf of appellant on said September 28, but on the following day counsel for appellant filed objections in writing, to which were attached the notice of protest and the duplicate receipts of the collector showing, in itemized form, the taxes paid under protest, aggregating $998.63, and the amount paid without protest, $3867.45. The reason assigned by appellant's counsel for filing said objections was that in the evening of September 28, about four or five o'clock, the collector added to the foot of page 245, on line 29 of the tax judgment, sale, redemption and forfeiture record, the following: "C. & E. I. R. R. Paid under protest, in Sullivan Twp. Jonathan Creek Twp. Lowe Twp. $1997.19." The proof shows that said notation was so added after the default judgment was entered and no leave of court to amend the record appears. A motion to set aside default and for leave to be heard on objections filed on behalf of appellant was entered September 29. On October 4, a hearing on objections was set for October 6. On October 6, appellee filed a motion to strike the objections and the motion of appellant to vacate the default and judgment and for leave to be heard on the objections, and a hearing on the motion was set for October 12. On October 13, appellant filed additional grounds in support of the motion to vacate, among which were that the publication notice was insufficient, and that the court was without jurisdiction to enter the default against appellant or to enter said judgment. No convening order of the court for October 12 appears in the record, but a *placita,* showing the convening of the court on October 13, appears.

The record discloses that on October 13 arguments were heard on a motion by objector to set aside the default on the ground that the court was without jurisdiction to enter an order of default at the time it was entered and that therefore the objections were filed in apt time. Leave was given to file additional grounds of objection and same were filed forthwith. The court denied the mo-

tion to set aside the default entered on September 28, and for leave to be heard on the objections, and sustained a motion to strike the objections filed on September 29.

Appellant contends that the court was without jurisdiction to enter the default and judgment on September 28 because the tax judgment, sale, redemption and forfeiture record contained no list or description of any lands of appellant and did not designate the year for which the tax was assessed and contends that the judgment appealed from was void. Other grounds, unnecessary to discuss here, are relied on but the jurisdictional question is fatal. Appellee has not filed answering briefs.

It was incumbent upon the collector to transcribe into the tax judgment, sale, redemption and forfeiture record, a list of delinquent lands and lots upon which taxes have been paid under protest, at least five days before the day on which application for judgment is to be made, setting forth the name of the owner, if known, the proper description of the land or lot and the year or years for which the taxes are due or for which they have been paid under protest. (Ill. Rev. Stat. 1941, chap. 120, par. 713.) This record of delinquent property serves as a declaration or complaint and the published notice as process. (*People ex rel. Thaxton* v. *Coal Belt Electric Railway Co.* 311 Ill. 29; *Smythe* v. *People ex rel. Hanberg,* 219 Ill. 76; *Wiggins Ferry Co.* v. *People ex rel. Weber,* 101 Ill. 446.) Both are essential to give the court jurisdiction on application for judgment and sale, and both must contain a sufficient description of the property alleged to be delinquent. (*People ex rel. Ream* v. *Dragstran,* 100 Ill. 286.) A judgment cannot be rendered against specific property unless the property itself is legally described. The notice and the delinquent list must agree. A variance of essential description between them is fatal to a valid judgment. (*People* v. *Smythe,* 219 Ill. 76; *Gage* v. *People ex rel. Raymond,* 188 Ill. 92.) If any of these jurisdictional de-

fects exists the default judgment is void and may be reversed on appeal ·because the proceedings were *coram non judice* and the judgment was therefore void. *People* v. *Evans,* 262 Ill. 235; *People* v. *Coal Belt Electric Railway Co.* 311 Ill. 29.

The publication notice contained neither the name of the objector nor the description of any land as owned by appellant. After the default order was entered in the case on September 28, the name of appellant was added to the tax judgment, sale, redemption and forfeiture record, but no description of the property of appellant alleged to be delinquent was included. The record was as fatally defective after the addition was made as it was before. An essential requirement of the statute, as to the delinquent list, is a description of the land alleged to be delinquent and against which judgment is requested. *Wilson* v. *Glos,* 266 Ill. 392.

The publication notice and the tax judgment, sale, redemption and forfeiture record being fatally defective and the law not having been substantially complied with, the county court was without jurisdiction to enter the order of default entered on September 28, 1943, and said order should have been vacated on appellant's motion and the court should have considered the objections, determined them on their merits and rendered judgment accordingly. *People ex rel. Thaxton* v. *Coal Belt Electric Railway Co.* 311 Ill. 29.

The judgment of the county court is therefore reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*